■ In the Matter of the Claim of CARL E. HIRSCHFELD, Appellant. COMMISSIONER OF LABOR, Respondent. [681 NYS2d 619] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 18, 1997, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

After claimant repeatedly refused, in vulgar terms, a supervisor's order to return to work, claimant was given the

option of returning to work or leaving and claimant left. Claimant returned a short time later but was not allowed to remain. Claimant had been previously warned regarding his inappropriate use of profanity in the workplace. The Unemployment Insurance Appeal Board ruled that claimant had lost his employment under disqualifying circumstances and charged him with a recoverable overpayment of benefits. We affirm. "[A]n employee's refusal to accept reasonable work assignments may constitute insubordination rising to the level of disqualifying misconduct" (*Matter of Estremera [Sweeney]*, 244 AD2d 694, 695). Further, the use of vulgar and disrespectful language in the workplace may be considered misconduct, especially in cases where, as here, the claimant has been previously admonished to refrain from such conduct (*see, Matter of Nicotra [BryLin Hosps.—Commissioner of Labor]*, 249 AD2d 863).

Cardona, P. J., Mikoll, Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.