■ In the Matter of the Claim of WILNER GERMAIN, Appellant. COMMISSIONER OF LABOR, Respondent. [708 NYS2d 646] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 3, 1998, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

After arguing with and threatening a co-worker claimant, who previously had been warned to refrain from similar conduct, was discharged from his employment as a clerk for the State Insurance Department. Substantial evidence sup-

ports the decision of the Unemployment Insurance Appeal Board that claimant lost his job due to disqualifying misconduct. Threatening behavior toward a co-worker has been held to constitute misconduct (*see, Matter of Quinones [Tops Mkts.— Commissioner of Labor]*, 251 AD2d 743). Although claimant denied issuing the threats and offered a differing version of what precipitated his discharge, this presented a credibility issue that the Board was entitled to resolve against him (*see, id.*). In any event, regardless of who initiated the exchange, fighting with a co-worker during work hours may be found to constitute disqualifying misconduct (*see, Matter of Williams [National School Bus Serv.—Commissioner of Labor]*, 257 AD2d 839). Claimant's remaining arguments have been examined and found to be similarly unpersuasive.

Mercure, J. P., Crew III, Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.