■ In the Matter of the Claim of ROSEANNE PETROCELLI, Appellant. COMMISSIONER OF LABOR, Respondent. [713 NYS2d 102] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 22, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a bookkeeper after she threatened to "get" a co-worker and "punch [her] teeth out." The record indicates that claimant was reprimanded earlier that day for harassing the same co-worker and was admonished to refrain from such conduct. Substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant lost her unemployment under disqualifying circumstances. Threatening or harassing behavior toward a co-worker that continues despite warnings by the employer constitutes disqualifying misconduct (see, Matter of Crumel [Commissioner of Labor], 258 AD2d 803; Matter of Hirschfeld [Commissioner of Labor], 256 AD2d 710; Matter of Matolka [Commissioner of Labor], 252 AD2d 697). Although claimant offered a differing version of the events that allegedly

---

* A "do-rag" is a handkerchief or bandana tied around and over the head.

precipitated her discharge, this created a credibility issue for the Board to resolve (*see, Matter of Germain [Commissioner of Labor]*, 272 AD2d 708, 709; *Matter of Valentin [Commissioner of Labor]*, 252 AD2d 620, 621).

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.