■ In the Matter of the Claim of MICHAEL J. ROSE, Appellant. COMMISSIONER OF LABOR, Respondent. [723 NYS2d 540] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 28, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a utility worker for a casino after it was discovered that on 14 occasions he had purchased gasoline for his personal vehicle and charged it to the employer without permission. The record reveals that in the event a utility worker was required to use his or her personal vehicle during the course of employment, the employee was to apply for mileage reimbursement. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board denying claimant's request for unemployment insurance benefits because he engaged in disqualifying misconduct (*see, Matter of Gewirtz [Commissioner of Labor]*, 276 AD2d 1011; *Matter of Patel [Commissioner of Labor]*, 268 AD2d 641; *Matter of Perkov [Sweeney]*, 231 AD2d 780).

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of RITA MOORE, Appellant. COMMISSIONER OF LABOR, Respondent. [725 NYS2d 100] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a server at a coffee bar after she threatened a co-worker with physical harm. The record establishes that claimant had recently been reprimanded for making a derogatory remark to the same co-worker and was admonished by the employer to refrain from such conduct. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant engaged in disqualifying misconduct. Threatening a co-worker has been held to constitute misconduct (*see, Matter of Petrocelli [Commissioner of Labor]*, 275 AD2d 834; *Matter of Germain [Commissioner of Labor]*, 272 AD2d 708). Although claimant denied threatening anyone, the conflicting testimony presented a credibility issue for the Board to resolve (*see, Matter of Ambrosio [Hudacs]*, 199 AD2d 807). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.