■ In the Matter of the Claim of GIACOMO BAUER, Appellant. COMMISSIONER OF LABOR, Respondent. [757 NYS2d 907] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

On the last day of his employment as a motor vehicle driver for the United States Postal Service, claimant received a notice of removal from his supervisor, advising him that he would be discharged at the end of 30 days based upon charges that he had failed to follow instructions, deviated from his assigned route and engaged in conduct unbecoming a postal employee. Claimant responded by threatening to have someone "come down here with a machine gun and spray the place." He was immediately discharged for threatening a coworker with violence. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct. We affirm.

It is well settled that the utterance of a threat to a supervisor or coworker may constitute disqualifying misconduct (see *Matter of Shaw*, 302 AD2d 655 [2003]; *Matter of Castro*, 250 AD2d 909 [1998]), as may the knowing violation of an employer's established policies and rules of conduct (see *Matter of Hassenfratz*, 242 AD2d 815 [1997]). The proof presented at claimant's administrative hearing included his supervisor's testimony that claimant had threatened him, as well as documentary evidence of the employer's written policy of "zero tolerance" regarding threats of violence in the workplace. This was sufficient to constitute the requisite substantial evidence of disqualifying misconduct (see *Matter of Pabon*, 271 AD2d 800, 801 [2000]). Although claimant denies having uttered the words that precipitated his discharge and further denies having received any notice of the employer's "zero tolerance" policy, the contrary testimony given on the employer's behalf presented issues of credibility for the Board to resolve (see *Matter of Hawana*, 285 AD2d 800, 801 [2001]; *Matter of Moore*, 282 AD2d 857 [2001]).

Claimant's unsupported references to an arbitrator's decision in his favor do not affect our review as the record contains no formal documentation of an arbitration proceeding. Claimant concedes, in any event, that the arbitrator's decision was rendered subsequent to the administrative decision disqualifying him from the receipt of unemployment insurance benefits (see *Matter of Williams*, 288 AD2d 813 [2001]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.