In the Matter of the Claim of STEPHEN ROTHSTEIN, Appellant. COMMISSIONER OF LABOR, Respondent. [761 NYS2d 539] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 4, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

After claimant and a coworker had an argument in the workplace, both employees were suspended from their positions with pay pending an employer investigation of the incident. At the conclusion of the investigation, claimant was found to have physically threatened the coworker and was terminated for creating a hostile work environment. Claimant was initially found eligible for unemployment insurance benefits, but the employer objected and requested a hearing before an Administrative Law Judge (hereinafter ALJ). Following the hearing, the ALJ found that claimant had been discharged for misconduct and was, thus, disqualified from receiving unemployment insurance benefits. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

Substantial evidence supports the Board's determination that claimant was terminated for disqualifying misconduct. It is well settled that threatening a coworker can constitute misconduct (*see Matter of Shaw [S'il Vous Plait Message Mgt. Ctr.—Commissioner of Labor]*, 302 AD2d 655 [2003]; *Matter of Moore [Commissioner of Labor]*, 282 AD2d 857 [2001]). Here, the record reflects that claimant threatened to harm his

coworker and had previously threatened to "kill him." Although claimant denied making these threats, the testimony to the contrary by both claimant's coworker and his supervisor created a credibility issue for the Board to resolve (*see Matter of Bauer [Commissioner of Labor]*, 305 AD2d 795, 796 [2003]; *Matter of Hawana [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor]*, 285 AD2d 800, 801 [2001]). Further, we find no error in the ALJ's decision to allow claimant's coworker to testify by telephone since such testimony is authorized (*see* 12 NYCRR 461.7 [c] [2]; *Matter of Murphy [Commissioner of Labor]*, 264 AD2d 877, 878 [1999]) and claimant was afforded an opportunity to cross-examine this witness (*see Matter of Hoffman [Roberts]*, 138 AD2d 785, 786-787 [1988], *lv dismissed* 77 NY2d 987 [1991]). Claimant's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.