■ In the Matter of the Claim of JERRY V. LIVADAS, Appellant. COMMISSIONER OF LABOR, Respondent. [770 NYS2d 764]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 4, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost his employment as director for development of a charitable organization due to disqualifying misconduct. The record establishes that claimant was upset when he realized that there had been a deduction in his paycheck. Claimant began shaking his paycheck at a coworker and yelling at her demanding that any shortage be corrected immediately. Claimant then made a telephone call and slammed down the receiver. When he left the office, he pushed a chair against a wall mirror. The coworker, who felt threatened by claimant's behavior, believed it to be necessary to contact the building manager and security to notify them of claimant's conduct. It is well settled that contentious or threatening behavior has been held to constitute disqualifying misconduct (*see Matter of Gambino [Commissioner of Labor]*, 300 AD2d 799 [2002]; *Matter of Germain [Commissioner of*

*Labor]*, 272 AD2d 708 [2000]). Although claimant denied that he behaved in a threatening manner, this created a credibility issue for the Board to resolve (*see Matter of Germain [Commissioner of Labor], supra* at 709; *Matter of Pabon [Commissioner of Labor]*, 271 AD2d 800 [2000]).

We are also unpersuaded by claimant's assertions that he was not given proper notice regarding the purpose of the hearing and was denied adequate time to prepare a defense. The record establishes that the initial determination, which prompted claimant's request for a hearing, informed him that he was denied unemployment insurance benefits due to misconduct arising from his confrontational and abusive attitude toward a coworker over a discrepancy in a paycheck. To the extent that claimant contends there was insufficient time to prepare a defense, the record establishes that claimant, who was represented by an attorney, failed to request an adjournment in order to further review the information in the Board's file or prepare a defense. Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.