■ In the Matter of the Claim of HORACE ALLEN, Appellant. COMMISSIONER OF LABOR, Respondent. [772 NYS2d 638]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 4, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was discharged from his employment as a materials handler supervisor due to disqualifying misconduct. The record establishes that claimant returned late from lunch and had not punched in or out, as required. When his supervisor refused to sign claimant's time card verifying his return time, claimant became upset and began yelling. Although claimant was informed that he would not be penalized for his conduct, claimant continued to argue in a loud manner and physically threatened his supervisor. As a result, claimant was discharged. When he refused to leave the premises, the police were called.

Contentious or threatening behavior has been held to constitute disqualifying misconduct (*see Matter of Livadas [Commissioner of Labor]*, 3 AD3d 656 [2004]; *Matter of Quinones [Tops Mkts.—Commissioner of Labor]*, 251 AD2d 743 [1998]). Claimant's assertions that he did not act in a threatening manner and that the events surrounding his discharge were exaggerated created a credibility issue for the Board to resolve (*see Matter of Ramos [Commissioner of Labor]*, 306 AD2d 791 [2003]; *Matter of Hawana [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor]*, 285 AD2d 800, 801 [2001]). Under these circumstances, we will not disturb the Board's decision.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.