◼ In the Matter of the Claim of George K. Dzaba, Appellant. Commissioner of Labor, Respondent. [774 NYS2d 886]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 3, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment for violating the employer's telephone use policy after it was discovered that claimant made 75 hours of international telephone calls from work to his family over a period of approximately seven months. The employer's policy, of which claimant was aware, states that personal telephone calls should be kept brief and at a minimum and that violation of company policies could lead to disciplinary measures or termination. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he had lost his employment due to misconduct. We affirm.

It is well settled that an employee's violation of an established

workplace rule or policy may constitute disqualifying misconduct (*see Matter of Graham [Commissioner of Labor]*, 305 AD2d 922 [2003]; *see e.g. Matter of Rose [Commissioner of Labor]*, 282 AD2d 857 [2001]). Here, given claimant's excessive telephone use for personal reasons, substantial evidence supports the Board's decision that claimant lost his employment under disqualifying circumstances. Claimant's assertion that he was permitted to make such calls so long as he reimbursed the employer created a credibility issue for the Board to resolve (*see Matter of Bentley [Commissioner of Labor]*, 281 AD2d 743 [2001]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.