■ In the Matter of the Claim of BRIAN J. WYNNE, Appellant. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 318]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 25, 2004, which disqualified claimant from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a customer service representative, tendered his resignation to his employer in April 2003 after he was denied a raise. He did not, however, stop working at this time as his employer permitted him to continue to work indefinitely at the same salary. In June 2003, claimant got into a dispute with his employer over compensation for an additional paid holiday recently granted to all employees. When claimant was denied compensation, he stated to the employer's president that he would "get [him] back in another way." As a result, his employment was terminated. The Unemployment Insurance Appeal Board ultimately disqualified claimant from receiving unemployment insurance benefits on the ground that his employment was terminated due to misconduct. He now appeals.

We affirm. It is well settled that threatening a supervisor may constitute disqualifying misconduct (*see Matter of Allen [Commissioner of Labor]*, 5 AD3d 845, 846 [2004]; *Matter of Ramos [Commissioner of Labor]*, 306 AD2d 791, 791 [2003]). Here, the

employer's president testified that claimant made a threatening statement during their argument. Although claimant explained that he intended the statement to mean that the employer was not handling its business practices in an appropriate manner, this presented a credibility issue for the Board to resolve (*see Matter of Orane [Commissioner of Labor]*, 6 AD3d 910 [2004]). Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it. Claimant's remaining contentions, to the extent they have been preserved for our review, have been considered and found to be unavailing.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.