■ In the Matter of the Claim of SELESTER L. TERRY, Appellant. COMMISSIONER OF LABOR, Respondent. [802 NYS2d 637]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed June 4, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the determination of the Unemployment Insurance Appeal Board denying claimant's application for unemployment insurance benefits because she lost her employment as an administrative secretary due to disqualifying misconduct. The record establishes that claimant was terminated from her employment due to her belligerent and threatening behavior toward her supervisor. It is well settled that threatening a supervisor (*see Matter of Wynne [Commissioner of Labor]*, 16 AD3d 755 [2005]; *Matter of Ramos [Commissioner of Labor]*, 306 AD2d 791 [2003]) or engaging in insubordinate behavior (*see Matter of Montanye [Commissioner of Labor]*, 10 AD3d 830 [2004]) can constitute disqualifying misconduct, particularly where, as here, a claimant has previously been admonished regarding such contentious behavior (*see Matter of Sona [Commissioner of Labor]*, 13 AD3d 799 [2004]). To the extent that claimant offered a different version of the event leading to her discharge, this presented a credibility issue for the Board to resolve (*see Matter of Allen [Commissioner of Labor]*, 5 AD3d 845, 846 [2004]; *Matter of Shaw [S'il Vous Plait Message Mgt. Ctr. Ltd.—Commissioner of Labor]*, 302 AD2d 655 [2003]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.