Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant was employed as a clerical worker by a city agency. He was disgruntled because he believed that his coworkers were speaking about him behind his back in a derogatory fashion and also calling him names. While one of these coworkers was having lunch at a nearby restaurant with two other coworkers, claimant confronted him in a threatening manner and used profanity. Upon returning from lunch, these individuals reported *741 the incident to a supervisor. Claimant had previously been warned not to engage in this type of behavior and he was discharged as a result. The Unemployment Insurance Appeal Board ultimately denied his claim for unemployment insurance benefits on the ground that he was terminated for misconduct. Claimant appeals.
We affirm. Threatening behavior toward a coworker has been held to constitute disqualifying misconduct (see Matter of Perkins [Commissioner of Labor], 16 AD3d 756, 756 [2005]; Matter of Rothstein [Commissioner of Labor], 306 AD2d 789, 789 [2003]). In the case at hand, two of the coworkers present at the restaurant testified that claimant approached them in an angry manner, told a male coworker that if he had anything to say about him to say it to his face and used vulgar language. They further stated that, before leaving the restaurant, claimant proceeded to challenge the male coworker to a fight. Both of these coworkers indicated that they were intimidated by claimant and feared for their safety. Their testimony was consistent with that of the supervisor to whom they reported the incident who further stated that claimant had engaged in similar confrontational behavior toward other employees for which he had been warned. Claimant himself admitted that he confronted the trio in the restaurant and used vulgar language, although he denied challenging the male coworker to a fight. To the extent that claimant’s testimony was in conflict with the testimony of the other witnesses, this presented a credibility issue for the Board to resolve (see Matter of Rothstein [Commissioner of Labor], 306 AD2d at 790). In view of the foregoing, substantial evidence supports the Board’s finding that claimant engaged in disqualifying misconduct. Accordingly, we find no reason to disturb the Board’s decision.
Cardona, P.J., Peters, Rose, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.