■ In the Matter of the Claim of MARGARET SEALEY, Appellant. COMMISSIONER OF LABOR, Respondent. [915 NYS2d 773]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 12, 2010, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a customer service agent for a commercial airline company for approximately three years when she was discharged for assisting a coworker with the sale of a guest pass for profit, which was against company policy. When claimant sought unemployment insurance benefits, the Department of Labor issued an initial determination disqualifying her from receiving benefits on the basis that she lost her employment through misconduct. The Department also charged her with a recoverable overpayment of benefits and reduced her right to receive future benefits by eight effective days on the ground that she made a willful misrepresentation to obtain benefits. Ultimately, the Unemployment Insurance Appeal Board modified that determination, ruling that claimant was disqualified from receiving benefits but that she had not made willful false statements and, therefore, the overpayment was not recoverable and claimant would suffer no future forfeit penalty. Claimant now appeals.

We affirm. The failure of an employee to abide by an established policy of the employer, particularly where it has a detrimental effect on the employer's interests, can constitute disqualifying misconduct (see Matter of Brauneisen [GEICO Ins. Co.—Commissioner of Labor], 72 AD3d 1381, 1382 [2010]; Matter of Czosek [Cheektowaga-Sloan Union Free School Dist.—Commissioner of Labor], 71 AD3d 1359, 1360 [2010]). Substantial evidence supports the Board's determination here, given claimant's admission that, despite not profiting from the transaction, she facilitated the sale of the guest pass between the customer and her coworker. Claimant's testimony also established that the sale of the guest pass for $175 was in lieu of the more than $300 that the passenger would have been required to pay the employer for regular fare. Finally, the Administrative Law Judge did not err in allowing claimant's coworker to testify by telephone inasmuch as such testimony is authorized (see 12 NYCRR 461.7 [c] [2]; Matter of Rothstein [Commissioner of Labor], 306 AD2d 789, 790 [2003]). As a result, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.