■ In the Matter of the Claim of KIRK BALAY, Appellant. COMMISSIONER OF LABOR, Respondent. [974 NYS2d 307]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 2013, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the determination of the Unemployment Insurance Appeal Board that claimant, a security guard, lost his employment due to disqualifying misconduct and was ineligible for unemployment insurance benefits. The Board credited testimony that claimant was terminated after he repeatedly used his personal cell phone while he was working, despite warnings not to (*see Matter of Dzaba [Commissioner of Labor]*, 6 AD3d 907, 907 [2004]). Inasmuch as a knowing violation of an established workplace policy may constitute disqualifying misconduct, particularly where a claimant has received prior warnings about that behavior, we perceive no basis upon which to disturb the Board's decision (*see Matter of Burt [Rapid Response Monitoring Servs., Inc.—Commissioner of Labor]*, 107 AD3d 1284, 1285 [2013]; *Matter of Dzaba [Commissioner of Labor]*, 6 AD3d at 907).

Peters, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.