■ In the Matter of the Claim of WILLIAM F. SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [745 NYS2d 618] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 1, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant was discharged from his employment as a sales representative after violating the employer's policy prohibiting employees from sending inappropriate communications by e-mail. Evidence presented at the administrative hearing disclosed that claimant sent the first questionable e-mail to his coemployees to notify them of a meeting. The title of the e-mail

included the words, "NUDE PICTURES NUDE PICTURES." Claimant subsequently testified that he had used these words as a means of gaining the attention of his readers. He was nonetheless advised by his supervisor that this language violated the employer's policy against sexual harassment and the misuse of electronic communications. He was given notice that a repeat of such inappropriate conduct would be severely sanctioned. Approximately 11 months later, claimant was fired after he sent an e-mail to his coemployees which contained a list of "Top Ten" sayings at second jobs, one of which was, "Another table dance?"

It is well settled that a claimant's knowing violation of an employer's established policy or workplace rules may constitute disqualifying misconduct (*see, Matter of Campbell [Commissioner of Labor]*, 271 AD2d 787, 788; *Matter of Rothman [Sweeney]*, 242 AD2d 818). In the instant matter, claimant acknowledged that he had received a copy of the employer's handbook, which set forth its proscription against sexually harassing conduct and the inappropriate use of electronic communications. Claimant's supervisor testified that he had warned claimant, after he sent out the first objectionable e-mail, that the sending of inappropriate e-mail would not be tolerated. We conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost his employment under disqualifying circumstances (*see, Matter of Hassenfratz [Sweeney]*, 242 AD2d 815). Claimant's assertion that he received no warning from his supervisor after sending the first e-mail raised an issue of credibility for resolution by the Board (*see, Matter of Campbell [Commissioner of Labor], supra* at 788).*

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The settlement agreement between the employer and claimant, submitted by claimant with his appellate brief, is not part of the record on appeal and was not considered in the course of this Court's review (*see,* CPLR 5528 [a] [5]).