■ In the Matter of the Claim of TAJ L. GRAHAM, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 816] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 2, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his position as a telephone representative for a bank after he accessed sexually explicit material on the employer's computer. Claimant had received previous warnings to refrain from improper conduct involving sexual matters after his supervisors learned that he was engaging in conversations of an inappropriate sexual nature with coworkers. The Unemployment Insurance Appeal Board ruled that claimant had lost his employment due to disqualifying misconduct, prompting this appeal. We affirm.

A claimant's knowing violation of an employer's established workplace policies or rules may constitute disqualifying misconduct (*see Matter of Smith [Commissioner of Labor]*, 296 AD2d 803 [2002]; *Matter of Krupa [Sweeney]*, 236 AD2d 772, 773 [1997]). In the instant matter, claimant's supervisor testified that all employees had been specifically informed that use of the company's computers for personal purposes was prohibited. Claimant conceded in his hearing testimony that, at the time of the incident that precipitated his dismissal, he had accessed the Internet from the employer's computer in order to read his personal e-mail. Although he claimed that he

was not aware of the sexual content of the e-mail when he opened it, it is uncontested that claimant violated an established workplace rule by using the employer's computer for prohibited activities and that he did so at a time when he had been warned to refrain from inappropriate conduct in the workplace. Accordingly, we conclude that substantial evidence supports the Board's finding that he lost his employment under disqualifying circumstances (see Matter of Hassenfratz [Sweeney], 242 AD2d 815 [1997]).

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.