In the Matter of the Claim of MARY FIGUEROA, Appellant. COMMISSIONER OF LABOR, Respondent. [767 NYS2d 682]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as an administrative assistant at a school after she began yelling and threatening to sue as a result of her health insurance coverage being delayed. When claimant refused to abide by the director's order to leave, the police were called. The Unemployment Insurance Appeal Board, reversing the decision of the Administrative Law Judge, found that claimant engaged in disqualifying misconduct and denied her application for benefits. It is well settled that insubordination and offensive behavior in the work place can constitute disqualifying misconduct (*see Matter of Sarmiento [Newsday, Inc.—Commissioner of Labor]*, 287 AD2d 851 [2001]; *Matter of Puente [Commissioner of Labor]*, 270 AD2d 555 [2000], *lv dismissed* 95 NY2d 896 [2000]). Given the employer's version of claimant's conduct which included threats

and abusive language, substantial evidence supports the decision of the Board that claimant's insubordination amounted to disqualifying misconduct. Although claimant admits to being upset, she denied the employer's contention that she was abusive or out of control. Nevertheless, it is within the purview of the Board to resolve credibility issues, even if it differs from that reached by the Administrative Law Judge (*see Matter of Berry [E.J. Noble Hosp./Samaritan Med. Ctr.—Commissioner of Labor]*, 264 AD2d 923 [1999]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.