■ In the Matter of the Claim of ELAINE V. DALEY, Appellant. MOUNT SINAI HOSPITAL, Respondent; COMMISSIONER OF LABOR, Respondent. [770 NYS2d 763]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 17, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a telephone operator after engaging in a heated argument with a coworker which disrupted the work in their department. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was disqualified from receiving benefits because she lost her employment due to misconduct. Contentious or disruptive conduct in the workplace, regardless of who initiates it, may constitute disqualifying misconduct (*see Matter of Romano [Commissioner of Labor]*, 291 AD2d 776 [2002]; *Matter of Williams [National School Bus Serv.—Commissioner of Labor]*, 257 AD2d 839 [1999]). Furthermore, the record establishes that claimant had been warned about such conduct and advised by both the supervisor and the union to ignore the coworker and bring any problems to the supervisor's

attention (*see id.*). Claimant's submission of a settlement agreement in her appellate brief is not properly before this Court, as it is not part of the record on appeal (*see Matter of Smith [Commissioner of Labor]*, 296 AD2d 803, 804 n [2002]) and would "not preclude the Board from determining the factual basis for claimant's discharge" (*Matter of Pabon [Commissioner of Labor]*, 271 AD2d 800, 801 [2000]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.