◼ In the Matter of the Claim of KAREN H. GAYLOR, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 278]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 14, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, an assembly line worker, engaged in a pattern of arguing with other employees while on the job. She received numerous warnings to stop this behavior because it adversely affected production. When she failed to heed these warnings and became involved in yet another argument with a coworker, her employment was terminated. The Unemployment Insurance Appeal Board ultimately disqualified her from receiving unemployment insurance benefits on the ground that she lost her employment due to misconduct. Claimant appeals.

We affirm. An employee's failure to comply with an employer's reasonable directives, despite repeated warnings, has been found to constitute disqualifying misconduct (*see Matter of Spencer [Commissioner of Labor]*, 22 AD3d 1010, 1010 [2005], *lv denied* 7 NY3d 701 [2006]). Here, there was extensive testimony that claimant repeatedly provoked arguments with a coworker and that she continued to do so even after she was warned that she would be fired if she did not stop. Claimant herself stated that, during that incident that led to her dismissal, she instructed her coworker on her job performance even though she was not a supervisor. In view of the foregoing, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct (*see Matter of Williams [Sweeney]*, 240 AD2d 837, 837 [1997]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.