■ In the Matter of the Claim of Uyla Mills, Appellant. Miteq, Inc., Respondent; Commissioner of Labor, Respondent. [857 NYS2d 294]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision ruling that claimant, a micro assembler, was discharged from her employment due to disqualifying misconduct—namely, being disruptive in the workplace and referring to her department head in derogatory terms. The employer's representatives testified that claimant and her coworkers performed detailed and intricate assembly work which required a quiet work environment free from distractions; any sudden movement or noise that might startle an employee could result in costly damage to the equipment or the work product. Despite being warned on two prior occasions regarding her disruptive behavior, claimant's activities persisted,

culminating in an incident wherein she was observed twirling and loudly chanting about the workplace, rebuking her coworkers, calling them evil and referring to her department head as a terrorist. Under such circumstances, claimant's obstructionist behavior rose to the level of disqualifying misconduct (*see Matter of Figueroa [Commissioner of Labor]*, 2 AD3d 952 [2003]; *Matter of Sarmiento [Newsday, Inc.—Commissioner of Labor]*, 287 AD2d 851, 852 [2001]; *Matter of Martin [Sweeney]*, 226 AD2d 800 [1996]). To the extent that claimant denied the allegations, this presented a credibility issue for the Board to resolve (*see Matter of Reyna-Bautista [Commissioner of Labor]*, 45 AD3d 1102, 1103 [2007]).

As a final matter, we reject claimant's assertion that the Board's decision to remand this matter for an additional hearing violated in any respect the procedural safeguards set forth in the consent judgment in *Municipal Labor Comm. v Sitkin* (1983 WL 44294, 1983 US Dist LEXIS 15013 [SD NY 1983]). Accordingly, the Board's decision is affirmed.

Cardona, P.J., Spain, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.