■ In the Matter of LISA J. FITZGERALD, Appellant. COMMISSIONER OF LABOR, Respondent. [900 NYS2d 794]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 10, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her position as a clerk after she initiated a heated verbal exchange with a coworker and continued it even after a supervisor directed her to stop. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Claimant appeals.

We affirm. We note that "[c]ontentious or disruptive conduct in the workplace . . . may constitute disqualifying misconduct" (*Matter of Daley [Mount Sinai Hosp.—Commissioner of Labor]*, 3 AD3d 643, 643 [2004]; *see Matter of Martin [Sweeney]*, 226 AD2d 800 [1996]), as may "[a]n employee's insubordinate behavior as evidenced by his or her failure to follow an employer's reasonable instructions" (*Matter of Benbow [Commissioner of Labor]*, 32 AD3d 1094, 1095 [2006]; *see Matter of Gaylor [Commissioner of Labor]*, 41 AD3d 1057, 1058 [2007]). Here, testimony was adduced at the hearing that claimant confronted a coworker about an e-mail that was critical of her work and, during this exchange, shouted at the coworker and used harsh language in the presence of others. Upon overhearing the exchange, the supervising dispatcher instructed claimant to return to her work station, which she did, but she later returned to continue the argument. Claimant's behavior was both disruptive to the workplace and insubordinate to the dispatcher. While claimant maintained that the dispatcher did not instruct her to return to her work station, this presented a credibility issue for the Board to resolve (*see Matter of Figueroa [Commissioner of Labor]*, 2 AD3d 952, 953 [2003]). Given that

substantial evidence supports the Board's decision, we find no reason to disturb it.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.