■ In the Matter of the Claim of DILBAR KHASIDOVA, Appellant. COMMISSIONER OF LABOR, Respondent. [671 NYS2d 173] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits on the ground that she was discharged due to misconduct. Part of claimant's duties as a computer operator and bookkeeper at a travel agency included paying the office's rent and making bank deposits. According to the employer, when claimant was confronted about failing to pay one month's rent and refusing to redo a bank deposit slip, claimant responded by inviting the employer to fire her. Claimant's conduct of inviting her own discharge, which apparently had occurred on more than one occasion, has been held to constitute misconduct (*see, Matter of Bissell [Electronic Data Sys. Corp.—Hudacs]*, 199 AD2d 699). Claimant's denial that she made such statements merely created a credibility issue for the Board to resolve (*see, id.*). Consequently, we find no reason to disturb the Board's decision.

Cardona, P. J., Mercure, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.