■ In the Matter of the Claim of WILLIAM M. SANDERSON, Appellant. COMMISSIONER OF LABOR, Respondent. [713 NYS2d

241] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed June 9, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct, and (2) from a decision of said Board, filed February 23, 2000, which, upon reconsideration, adhered to its prior decision.

Claimant, who previously had been warned to refrain from insubordinate behavior, was discharged from his position as a project assistant at a medical center based upon two incidents of insubordination occurring on December 11, 1998. The first incident occurred when claimant responded with profanity after a director sent a message to him inquiring as to the status of an overdue report. Also that day, claimant was approached by his supervisor about a new assignment and the supervisor placed an envelope containing materials related to the assignment on claimant's desk. Claimant refused to do the project and pushed the envelope off his desk onto the floor.

We conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances. This Court has held in the past that insubordination or an employee's use of vulgar and disrespectful language toward supervisors may constitute disqualifying misconduct (*see, Matter of Puente [Commissioner of Labor]*, 270 AD2d 555), particularly in cases where, as here, the claimant has been warned to refrain from similar conduct (*see, Matter of Crumel [Commissioner of Labor]*, 258 AD2d 803). Although claimant maintains that he had difficulty timely completing his work because of a disability and was terminated for that reason, the record reveals that the employer discharged claimant because of his disrespectful and rude conduct, not because of his job performance. While claimant disputes the employer's version of the events surrounding his termination, questions of credibility are for the Board to resolve (*see, id.*).

Mercure, J. P., Crew III, Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.