■ In the Matter of the Claim of VICKI LEWIS, Appellant. STRATHMORE DIRECTORIES, LTD., Respondent; COMMISSIONER OF LABOR, Respondent. [715 NYS2d 550] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1999, which, inter alia, ruled that claimant was disquali-

fied from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits on the ground that she was discharged due to misconduct. According to the employer, a week before claimant's termination, she was advised by her supervisor that her productivity was low and the employer would like it to be increased. She was informed that low productivity would be grounds for dismissal. On claimant's last day of work her supervisor asked her to speak to him in private. The supervisor testified that it was his intent to again warn claimant about her low productivity. Claimant refused to speak privately with her supervisor and then basically told him to go ahead and say she was fired.

In our view, claimant's actions in inviting her own discharge constituted misconduct under the circumstances presented (*see, Matter of Khasidova [Commissioner of Labor]*, 249 AD2d 675; *Matter of Bissell [Electronic Data Sys. Corp.—Hudacs]*, 199 AD2d 699). Claimant's differing version of the events leading up to her discharge created a credibility issue for the Board to resolve (*see, Matter of Khasidova [Commissioner of Labor]*, *supra*). Consequently, we find no reason to disturb the Board's decision.

Cardona, P. J., Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.