■ In the Matter of the Claim of CHARLES REDDEN, Appellant. COMMISSIONER OF LABOR, Respondent. [716 NYS2d 122] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment after the employer discovered that claimant had falsely represented on his employment application that he had never been convicted of any felonies or misdemeanors. The Unemployment Insurance Appeal Board disqualified claimant from receiving benefits on the ground that he lost his employment due to misconduct. Notwithstanding claimant's proffered excuse that the failure to disclose his criminal history was due to an oversight, substantial evidence supports the Board's decision that claimant was disqualified from receiving unemployment insurance benefits (*see, Matter of Napolitano [Commissioner of Labor]*, 264 AD2d 928; *Matter of Class [Alliant Food Serv.—Commissioner of Labor]*, 261 AD2d 772).

Claimant's remaining contentions, including his claim of abuse of discretion on the part of the Administrative Law Judge in reopening the matter following the employer's initial default (*see, Matter of Scott [New York City Dept. of Personnel—Commissioner of Labor]*, 265 AD2d 777), have been examined and found to be similarly unpersuasive.

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.