■ In the Matter of the Claim of WAGNER J. CARABALLO, Appellant. ROCHESTER PLATING WORKS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [747 NYS2d 132]

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, who worked in the employer's shipping and receiving department, was discharged for disqualifying misconduct. According to the record, claimant became annoyed when his supervisor informed him that he had neglected to pack a box that was to be picked up by a customer. Claimant responded by uttering an obscenity and stating, "I don't care." When the employer's operations manager, having witnessed this confrontation, asked claimant to repeat his statement, claimant did so, adding that he did not care because he was not being paid what he was worth.

This Court has held that an employee's use of offensive language or engaging in disrespectful and insubordinate conduct toward supervisors may constitute disqualifying misconduct (*see Matter of Romano [Commissioner of Labor]*, 291 AD2d 776; *Matter of Puente [Commissioner of Labor]*, 270 AD2d 555, *lv dismissed* 95 NY2d 896; *Matter of Stagno [Sweeney]*, 239 AD2d 766, 767). As the behavior which precipitated claimant's discharge falls within this category, we find no reason to disturb the Board's decision finding that he lost his employment under disqualifying circumstances. To the extent that claimant's description of the events leading to his discharge differed from that of the witnesses who testified on behalf of the employer, this discrepancy represented an issue of credibility for resolution by the Hearing Officer (*see Matter of Crumel [Commissioner of Labor]*, 258 AD2d 803).

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.