■ In the Matter of the Claim of RICHARD MERCURIO, Appellant. COMMISSIONER OF LABOR, Respondent. [753 NYS2d

629] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 26, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed for approximately 15 months as the general marketing and sales manager of a television station in the City of Rochester, Monroe County. During this employment, he was admonished to alter his rude and disrespectful conduct toward his coworkers and clients. After it came to light that claimant had repeatedly aired certain commercial advertisements for his personal businesses without the approval of the station owners, he was directed to take the advertising off the air. His belligerent and insubordinate reaction to this direction resulted in his discharge.

Substantial evidence in the record supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost his employment under disqualifying circumstances. An employee who engages in argumentative and disruptive conduct in the workplace may be found guilty of disqualifying misconduct, especially in cases such as the instant matter, where claimant was repeatedly warned to refrain from such conduct (*see Matter of Puente [Commissioner of Labor]*, 270 AD2d 555, *lv dismissed* 95 NY2d 896; *Matter of Crumel [Commissioner of Labor]*, 258 AD2d 803). To the extent that claimant's version of the events leading to his discharge conflicts with that given by the employer, this disparity presented an issue of credibility that lay within the province of the Board to resolve (*see Matter of Schembri [Commissioner of Labor]*, 252 AD2d 717). Claimant's remaining contentions have been reviewed and found to lack merit.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.