■ In the Matter of the Claim of CLEO ROKER, Appellant. COMMISSIONER OF LABOR, Respondent. [760 NYS2d 904] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 10, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a home health care attendant by a placement agency. The employer telephoned claimant while she was on duty at a client's residence for the purpose of scheduling a meeting to discuss her lateness for an assignment. Claimant responded with an abusive and obscenity-laden outburst that provoked her discharge. The Unemployment Insurance Appeal Board subsequently ruled that claimant had lost her employment under disqualifying circumstances. We affirm.

It is well settled that an employee's use of vulgar and disrespectful language may constitute disqualifying misconduct (*see Matter of Caraballo [Rochester Plating Works—Commissioner of Labor]*, 297 AD2d 856 [2002]; *Matter of Hart [Commissioner of Labor]*, 274 AD2d 796 [2000]). As the behavior that precipitated claimant's discharge falls within this category, we find no reason to disturb the Board's ruling that she lost her employment under disqualifying circumstances. To the

extent that claimant's description of the events leading to her discharge was at variance with the testimony presented by the employer, these discrepancies constituted issues of credibility for resolution by the Board (*see Matter of Kim [Commissioner of Labor]*, 262 AD2d 693, 694 [1999]; *Matter of Raum [Commissioner of Labor]*, 257 AD2d 833 [1999]). Claimant's remaining contentions have been examined and found to be unpersuasive.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.