Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 3, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant was discharged from her employment as a mail sorter on the grounds that she disregarded the employer’s work rules, was insubordinate and disrupted the work place. The record establishes that claimant attempted to remove a paper jam from a mail sorting machine with a hair pin. When a supervisor told her that in accordance with the employer’s rules she should *688 have contacted a mechanic or supervisor in order to prevent injury to herself or damage to the machine, claimant began yelling and became argumentative. Claimant thereafter refused the supervisor’s order to go home for the rest of the day and was ultimately escorted from the premises by security.
Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant engaged in disqualifying misconduct. Failure to abide by an employer’s rules can constitute disqualifying misconduct (see Matter of Graham [Commissioner of Labor], 305 AD2d 922 [2003]). Whether claimant was aware of the employer’s rule regarding the postal equipment created a credibility issue for the Board to resolve (see Matter of Gibson [Commissioner of Labor], 250 AD2d 906 [1998]; Matter of Abenoza [Hartnett], 176 AD2d 427 [1991]). In any event, given claimant’s disruptive and insubordinate behavior in the workplace, despite repeated warnings to stop, there is no basis to disturb the Board’s decision (see Matter of Mercurio [Commissioner of Labor], 301 AD2d 939 [2003]).
Cardona, EJ., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.