In the Matter of the Claim of MICHELE CIRLINCIONE, Appellant. COMMISSIONER OF LABOR, Respondent. [771 NYS2d 915]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 6, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as an admissions supervisor for a drug treatment program after she used

profane language when speaking to a client. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits because she engaged in misconduct. It is well settled that an employee's use of offensive language can constitute disqualifying misconduct (*see Matter of Romano [Commissioner of Labor]*, 291 AD2d 776 [2002]; *Matter of Sanderson [Commissioner of Labor]*, 275 AD2d 844 [2000]), particularly in a case such as this where claimant had been warned the same day about the inappropriate manner in which she spoke to clients. Moreover, the record establishes that claimant was aware that violating the employer's policy against the use of obscene or abusive language could be grounds for immediate dismissal (*see Matter of Campbell [Commissioner of Labor]*, 271 AD2d 787 [2000]). Claimant's denial that she used profanity or that she had ever been warned about unacceptable conduct presented a credibility issue for the Board to resolve (*see Matter of Roker [Commissioner of Labor]*, 306 AD2d 737 [2003]; *Matter of Cooper [New York Apple Tours—Commissioner of Labor]*, 276 AD2d 1007 [2000]). Claimant's remaining contention with respect to hearsay evidence has been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.