■ In the Matter of the Claim of SANDRA J. SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [794 NYS2d 161]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment with a temporary placement agency after the employer discovered that claimant failed to disclose on her employment application in response to a bold-print question that she had been convicted of a felony. Notwithstanding claimant's contention that her failure to answer the question was inadvertent due to a lack of time to fill out the employment application and that she eventually disclosed it once she was placed with one of the employer's clients, substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant engaged in disqualifying misconduct (*see Matter of Redden [Commissioner of Labor]*, 277 AD2d 629 [2000]; *Matter of Napolitano [Commissioner of Labor]*, 264 AD2d 928 [1999]; *Matter of Class [Alliant Food Serv.—Commissioner of Labor]*, 261 AD2d 772 [1999]). The record establishes that claimant filled out the information directly above the bold-print question regarding criminal convictions and, directly below the question, claimant signed the affirmation wherein it specifically stated that any omission of material information could result in an employee being discharged. Inasmuch as testimony on behalf of the employer establishes that claimant was discharged for omitting information on her employment application and not simply because she had a felony conviction, we find no reason to disturb the Board's decision. Claimant's remaining contentions, including her claim of bias on the part of the Administrative Law Judge, have been reviewed and found to be without merit.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.