■ In the Matter of the Claim of JOSEPH MULEA, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 286]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed March 18, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant worked as a deli counter clerk for approximately five months. He was terminated after he failed to comply with his supervisor's instructions to perform certain tasks and directed racial slurs at the supervisor. The Unemployment Insurance Appeal Board ultimately ruled that he was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct. He now appeals.

We affirm. It is well settled that "an employee's use of offensive language or engaging in disrespectful and insubordinate conduct toward [a] supervisor[ ] may constitute disqualifying misconduct" (*Matter of Caraballo [Rochester Plating Works—Commissioner of Labor]*, 297 AD2d 856 [2002]; *see Matter of Pagan [Haig Press—Commissioner of Labor]*, 305 AD2d 845 [2003]). In the case at hand, the employer's human resource manager testified that she was called to respond to an incident in which claimant had called the police and refused to perform duties directed by his supervisor. She also stated that he used racial slurs toward the supervisor. Such conduct was grounds for termination under the terms of the employee handbook, which claimant received. Although claimant gave contrary testimony that he was fired for no reason, this presented a credibility issue for the Board to resolve (*see Matter of Mercurio [Commissioner of Labor]*, 301 AD2d 939, 940 [2003]; *Matter of Sanderson [Commissioner of Labor]*, 275 AD2d 844, 845 [2000]) and the Board could choose to discredit it particularly in view of claimant's disruptive behavior and use of profanity during the hearings before the administrative law judges. Under these circumstances, substantial evidence supports the Board's decision.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.