■ In the Matter of the Claim of WILLIAM M. COWAN, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 319]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a customer service representative delivering oxygen to the employer's clients and servicing equipment. As part of his duties, he was required at certain times to remain on call overnight to respond to customer calls. He was scheduled to be on call during the evening of November 26, 2003 continuing through the morning of November 27, 2003. Claimant, however, admittedly failed to respond to the employer's attempts to contact him during his on-call hours because he was sleeping. When his supervisor confronted him the next day, he became angry and used profane language. Claimant was discharged as a result. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that his employment was terminated due to misconduct. Claimant appeals.

We affirm. An employee's failure to adhere to reasonable work hours (*see Matter of Foster [Sweeney]*, 244 AD2d 628 [1997]) and his or her use of vulgar or disrespectful language toward a supervisor (*see Matter of Sanderson [Commissioner of Labor]*, 275 AD2d 844, 845 [2000]) may constitute disqualifying misconduct. Here, the record indicates that claimant knowingly failed to comply with the employer's on-call policy and used profane language toward his supervisor when asked about the situation. Accordingly, substantial evidence supports the Board's finding that he engaged in misconduct disqualifying him from

receiving benefits. We have reviewed the contentions raised in claimant's pro se brief and find them to be without merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.