■ In the Matter of the Claim of JAMES L. BENBOW, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 869]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 19, 2004, which ruled that claimant was

disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked for the employer as a teaching assistant in its program for children with special needs. He was discharged after he failed to follow the instructions of a supervising teacher concerning the appropriate manner of handling a child who was exhibiting behavioral problems. This occurred after claimant had previously been warned about not following directions and had been placed under a performance improvement plan. Claimant applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board ruled that he was disqualified from receiving benefits because he was terminated for misconduct. Claimant appeals.

We affirm. An employee's insubordinate behavior as evidenced by his or her failure to follow an employer's reasonable instructions has been held to constitute disqualifying misconduct (see Matter of Guagliardo [Commissioner of Labor], 27 AD3d 866, 867 [2006]; Matter of Mercure [Commissioner of Labor], 27 AD3d 857, 857 [2006]; Matter of Seguin [Sweeney], 244 AD2d 747, 747 [1997]). Here, after documenting claimant's repeated failure to comply with directives as well as his arguments with supervisors, the employer gave claimant an opportunity to correct his behavior and warned him that, if he did not do so, he could be terminated. Claimant nevertheless continued to disregard the employer's instructions during the incident leading to his discharge. Claimant's contrary testimony presented a credibility issue for the Board to resolve (see Matter of Giotis [Hartnett], 176 AD2d 1164, 1165 [1991]). His remaining contentions have been examined and found to be without merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.