■ In the Matter of the Claim of MICHAEL P. DOCKAL, Appellant. COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [824 NYS2d 777]—

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed January 3, 2006 and January 5, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

In August 2004, claimant's employment as a truck driver for Eastern Freightways, Inc. was terminated for misconduct after it was discovered that claimant had falsified his employment application. Claimant then began employment with Metal Transportation Systems, Inc. and was subsequently terminated for misconduct after he violated the company's policy on traveling with pets. Claimant filed two claims for unemployment insurance benefits, both of which were ultimately denied by the Unemployment Insurance Appeal Board on the basis that claimant lost his employment with both employers as a result of disqualifying misconduct. Claimant now appeals.

We affirm. The record establishes that when claimant filled out an employment application for Eastern Freightways in June 2004, he indicated that he had no prior traffic violations, convictions or accidents. The employment application specifically stated that any falsification of information could be grounds for termination. The employer subsequently performed a background check and discovered that claimant was ticketed for a traffic violation in January 2004. Notwithstanding claimant's contention that the omission was inadvertent, falsifying information on, or omitting information from, one's employment application constitutes disqualifying misconduct and, thus, substantial evidence supports the Board's decision (*see Matter of Smith [Commissioner of Labor]*, 18 AD3d 939 [2005]; *Matter of Desir [Commissioner of Labor]*, 293 AD2d 904, 905 [2002]).

Substantial evidence also supports the Board's determination that claimant lost his employment with Metal Transportation due to misconduct. Metal Transportation's company policy is to not allow drivers to travel with their pets unless a pet agreement is signed and a $500 deposit is paid. After claimant was discovered traveling with his dog without having signed the agreement or having paid the deposit, his employment was terminated. Inasmuch as the failure to abide by an employer's established policy or rules can constitute disqualifying misconduct, the Board's determination will not be disturbed (*see Matter of Dzaba [Commissioner of Labor]*, 6 AD3d 907, 907-908 [2004]; *Matter of Adams [Commissioner of Labor]*, 6 AD3d 856 [2004]; *Matter of Durand [Perfect Body—Commissioner of Labor]*, 300 AD2d 731 [2002]).

Finally, claimant's contention that remuneration he was paid by an intervening employer entitles him to benefits using his alternate base period is without merit. The remuneration to which claimant refers was earned prior to his filing the instant claims and, to be paid benefits, claimant was required to subsequently work in employment and earn remuneration in an amount at least five times his weekly benefit rate (*see* Labor Law § 593 [3]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.