■ In the Matter of the Claim of BRENDA M. GIGI, Appellant. COMMISSIONER OF LABOR, Respondent. [830 NYS2d 365]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 26, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a residential habilitation aide for the employer, which provided services to developmentally disabled individuals. At a meeting at which claimant was to receive a written reprimand for making inappropriate comments in the employer's communication log, claimant lost her temper and used profane language. After the meeting, in telephone conversations during which one of her supervisors advised claimant that she was being placed on administrative leave, claimant allegedly used profanity and made threats against her supervisors and their families. Based upon such conduct, the employer thereafter terminated claimant. The Unemployment Insurance Appeal Board disqualified claimant from receiving benefits on the ground that her employment was terminated due to misconduct. Claimant appeals.

We affirm. An employee's use of profanity in the workplace or

of vulgar or disrespectful language toward a supervisor has been held to constitute disqualifying conduct (*see Matter of Rosario [Commissioner of Labor]*, 32 AD3d 1092 [2006]; *Matter of Cowan [Commissioner of Labor]*, 23 AD3d 815 [2005]; *Matter of Cirlincione [Commissioner of Labor]*, 4 AD3d 717, 718 [2004]), as has threatening a supervisor or engaging in insubordinate behavior (*see Matter of Terry [Commissioner of Labor]*, 23 AD3d 727, 728 [2005]). Here, testimony from claimant's supervisors and her own union representative, who accompanied her to the meeting preceding her termination, support the conclusion that she was guilty of misconduct. To the extent that claimant gave a conflicting account of what had transpired at the meeting and during the ensuing telephone conversations with one of her supervisors, such presented a credibility issue for the Board to resolve (*see Matter of Benbow [Commissioner of Labor]*, 32 AD3d 1094, 1095 [2006]; *Matter of Perkins [Commissioner of Labor]*, 16 AD3d 756 [2005]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.