■ In the Matter of the Claim of Sharon Y. Silverman, Appellant. Commissioner of Labor, Respondent. [840 NYS2d 441]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 17, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a consultant by the employer, which provided weight loss services to its clients. Based upon

her failure to adhere to company policy to schedule a client with an available consultant if the client's regular consultant was unavailable, the employer discharged claimant, who had received prior warnings about her performance. The Unemployment Insurance Appeal Board disqualified claimant from receiving benefits because her employment was terminated due to misconduct. Claimant appeals.

We affirm. In view of the ample testimony adduced at the hearing that claimant failed to adhere to an established workplace rule or policy, we conclude that substantial evidence supports the Board's determination that she lost her employment due to misconduct (*see Matter of Dockal [Commissioner of Labor]*, 34 AD3d 1081, 1082 [2006]; *Matter of Dzaba [Commissioner of Labor]*, 6 AD3d 907, 907-908 [2004]). Claimant's contrary testimony presented a credibility issue for the Board to resolve (*see Matter of Gigi [Commissioner of Labor]*, 37 AD3d 894, 895 [2007]; *Matter of Benbow [Commissioner of Labor]*, 32 AD3d 1094, 1095 [2006]). Finally, we find without merit claimant's assertion that the Administrative Law Judge erred in not reading into the record a letter that was submitted in support of claimant by a former client. At the hearing, the Administrative Law Judge attempted, without success, to contact the former client by telephone, and claimant at no time requested that the client's letter, which was accepted into evidence, be read into the record.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.