■ In the Matter of the Claim of WALID M. ELSAYED, Appellant. COMMISSIONER OF LABOR, Respondent. [853 NYS2d 391]—

Claimant was employed as the assistant director of housekeeping for the employer for approximately 20 months. He was discharged in August 2004 after the employer discovered that claimant had failed to identify his most recent employer on his employment application. Claimant's subsequent application for unemployment insurance benefits was ultimately denied by the Unemployment Insurance Appeal Board on the basis that he lost his employment as a result of disqualifying misconduct. Claimant now appeals.

We affirm. The employment application specifically provides that any misrepresentation made by the applicant would be grounds for the denial of employment or for discharge. Claimant admits that he omitted from the application information about his most recent employer, explaining that he did not think it was necessary to include the previous employer because he had worked there for only a short period of time. Notwithstanding claimant's proffered explanation, omitting information from

an employment application is sufficient to constitute disqualifying misconduct and, thus, substantial evidence supports the Board's decision (*see Matter of Dockal [Commissioner of Labor]*, 34 AD3d 1081, 1081 [2006]; *Matter of Smith [Commissioner of Labor]*, 18 AD3d 939 [2005]). Accordingly, the Board's decision will not be disturbed.

Cardona, P.J., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.