■ In the Matter of the Claim of FRANK D. AMARANTE, Appellant. MITEQ, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [855 NYS2d 306]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision ruling that claimant, a senior technician, was discharged from his employment due to disqualifying misconduct—specifically, being disruptive and insubordinate in the workplace. Claimant's supervisor testified that he assigned claimant a particular task with a deadline and received assurances from claimant that the work would be completed in a timely manner. When the supervisor subsequently approached claimant to inquire as to the status of the project, claimant pushed himself back from his work table and threw his hands in the air exclaiming, "I'm doing this the best as I can. Fire me, lay me off if—if you can do it better." Claimant conceded that he informed his supervisor that the supervisor could lay him off, and the record reflects that claimant was warned on two prior occasions regarding his attitude in the workplace. Disruptive or insubordinate behavior has been held to constitute disqualifying misconduct (*see Matter of Mulea [Commissioner of Labor]*, 23 AD3d 753, 754 [2005]; *Matter of Lazar [Commis-*

*sioner of Labor]*, 1 AD3d 687, 688 [2003]), particularly where, as here, a claimant previously was warned regarding such behavior (*see Matter of Cameron [Commissioner of Labor]*, 15 AD3d 722 [2005]). Under such circumstances, the Board's conclusion that claimant engaged in disqualifying misconduct and invited his own discharge is supported by substantial evidence in the record as a whole (*see Matter of Lewis [Strathmore Directories— Commissioner of Labor]*, 277 AD2d 623, 624 [2000]). To the extent that claimant provided contrary testimony, that presented a credibility issue for the Board to resolve (*see Matter of Mulea [Commissioner of Labor]*, 23 AD3d at 754).

Mercure, J.P., Spain, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.