Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant worked for the employer for over 16 years and, at the time of her termination, was the center director for one of the employer’s locations. Claimant called the office to check on the attendance of a particular staff member with whom she had been having difficulties. Believing that she was speaking to another staff member, when in fact the member in question had answered the phone, claimant made a statement about said staff member that contained obscenities and a racial epithet. Following an investigation, which revealed that the statement had caused disruption to the operation of the workplace, the employer terminated claimant’s employment. Ultimately, the Unemployment Insurance Appeal Board found that claimant’s employment was terminated due to disqualifying misconduct and denied her application for benefits. Claimant now appeals.
We affirm. An employee’s use of vulgar language and conduct that is detrimental to the employer’s interests have been found to constitute disqualifying misconduct (see Matter of Cheeseboro [Commissioner of Labor], 84 AD3d 1635, 1636 [2011]; Matter of Rosario [Commissioner of Labor], 32 AD3d 1092, 1092 [2006]; Matter of Roker [Commissioner of Labor], 306 AD2d 737, 737 [2003]). Given the undisputed facts of this case, substantial evidence supports the Board’s determination that claimant’s statement and its effect on the workplace environment constituted disqualifying misconduct.
Rose, J.P., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.