Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 23, 2013, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant, a patient care technician at a dialysis facility, was discharged from his employment due to disqualifying misconduct (see Matter of Amarante [Miteq, Inc.—Commissioner of Labor], 50 AD3d 1288, 1289 [2008]). The record establishes that claimant objected to a change on the closing sheet that required claimant and others working the closing shift to clean the wall box basins, as he perceived such change to be racially motivated. Claimant sent emails to the employer wherein he expressed his objection, indicated his refusal to perform the directed duty and requested that his employment be terminated. Claimant’s indication of refusing to comply with the employer’s reasonable directive, as well as inviting his own discharge, has been held to constitute disqualifying misconduct (see Matter of Lewis [Strathmore Directories—Commissioner of Labor], 277 AD2d 623, 624 [2000]; Matter of Khasidova [Commissioner of Labor], 249 AD2d 675, 675 [1998]). Any conflict in the hearing testimony presented a credibility issue for the Board to resolve (see Matter of Lewis [Strathmore Directories—Commissioner of Labor], 277 AD2d at 624).
Notwithstanding claimant’s contention to the contrary, the record reflects that claimant received a fair and impartial hearing. Claimant’s remaining contentions have been reviewed and found to be without merit.
Peters, RJ., McCarthy, Garry, Egan Jr. and Devine, JJ., concur.
Ordered that the decision is affirmed, without costs.