Matter of Stowits (Commissioner of Labor) (2018 NY Slip Op 01530)





Matter of Stowits (Commissioner of Labor)


2018 NY Slip Op 01530


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525299

[*1]In the Matter of the Claim of GWEN G. STOWITS, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Gwen G. Stowits, Waverly, appellant pro se.
Eric T. Schneiderman, Attorney General, New York City (Bessie Bazile of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 7, 2017, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant worked at a distribution center for approximately 3½ years. In August 2016, she verbally berated and used profanity toward a new employee causing the employee to become upset and quit her job. Claimant received a written warning advising her that further instances of disrespectful and rude conduct, which was contrary to the standards of behavior set forth in the employment manual, would result in her termination. In November 2016, claimant threatened to kick another employee if he got in her way. Her employment was terminated shortly thereafter. Claimant filed a claim for unemployment insurance benefits and it was denied on the ground that she was discharged for misconduct. This determination was upheld by an
Administrative Law Judge and later by the Unemployment Insurance Appeal Board. Claimant now appeals.
We affirm. An employee who exhibits disrespectful, rude, harassing or threatening behavior toward a coworker may be found to have engaged in misconduct disqualifying the employee from receiving unemployment insurance benefits (see Matter of Pierre [FJC Sec. Servs., Inc.-Commissioner of Labor], 141 AD3d 1069, 1069 [2016], lv dismissed 29 NY3d 1143 [2017]; Matter of Campon [Commissioner of Labor], 122 AD3d 1228, 1228-1229 [2014]; Matter of Mercurio [Commissioner of Labor], 301 AD2d 939, 940 [2003]). Here, there was evidence that claimant harassed a newly hired employee and, after receiving a written warning, threatened to physically harm another employee. Claimant's contrary testimony presented a credibility issue for the Board to resolve (see Matter of Hernandez [Commissioner of Labor], 98 AD3d 1185, [*2]1185 [2012]; Matter of Colindres [Commissioner of Labor], 91 AD3d 991, 992 [2012]). Accordingly, inasmuch as substantial evidence supports the Board's decision, we find no reason to disturb it.
McCarthy, J.P., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.