■ In the Matter of KEVIN O'CONNOR et al., Petitioners, v POLICE COMMISSION OF THE TOWN OF CLARKSTOWN et al., Respondents. [633 NYS2d 552] —Proceeding pursuant to CPLR article 78 to review a determination of the Police Commission of the Town of Clarkstown, dated June 1, 1993, which, after a hearing, terminated the employment of the petitioner Kevin O'Connor pursuant to Public Officers Law § 30 upon a finding that he ceased to be an inhabitant within the geographical restrictions established pursuant to that statute.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioners' contention, the record amply supports the determination of the Police Commission of the Town of Clarkstown that the petitioner Kevin O'Connor ceased to be an inhabitant of the geographical area required for members of the Town of Clarkstown Police Department when he moved to Warren County *(see,* Public Officers Law § 30). Hence, that determination was not arbitrary or capricious. The fact that O'Connor may have occasionally stayed at the apartment of his in-laws within that geographical area does not support a different outcome *(see, Matter of Nigro v Board of Trustees,* 57 AD2d 695). The fact that O'Connor was disabled and entitled to the benefits of General Municipal Law § 207-c (1) does not render Public Officers Law § 30 inapplicable *(see,* 1990 Opns St Comp No. 90-62, at 142).

We have considered the petitioners' remaining contentions and find them to be without merit *(see,* 1989 Opns Atty Gen 8; *Matter of Sharkey v Police Dept.,* 179 AD2d 655; *Matter of Plummer v Klepak,* 48 NY2d 486, *cert denied* 445 US 952). Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.