■ In the Matter of PATRICK CULLEN, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [658 NYS2d 26] —Determination of respondent Police Commissioner dated October 30, 1995, which suspended petitioner without pay for 20 days and concurrently placed him on one year's disciplinary probation, upon findings that petitioner is not in compliance with residency require-

ments for police officers and had violated respondent's regulations pertaining to off-duty employment, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Elliott Wilk, J.], entered June 17, 1996) dismissed, without costs.

Respondent's finding that petitioner lived with his fiancée in the condominium he owned in Fort Lee, New Jersey, outside the geographical area required for members of the New York City Police Department (Public Officers Law § 30 [1] [d]; [4]), is supported by substantial evidence, including the contradictory testimony of petitioner's aunt regarding petitioner's claim that he shared a bedroom with his cousin in his aunt's apartment in the Bronx, the testimony of petitioner's neighbors in the New Jersey condo, credited by respondent, that petitioner lived in the condo, and the admitted fact that petitioner worked part-time as the condo's superintendent when off duty *(see, Matter of Contento v Kohinke,* 42 AD2d 1025, *lv denied* 33 NY2d 520). The penalty, which expressly took into account petitioner's otherwise good service record, is hardly shocking, given that similar residency violations have resulted in termination *(see, supra; Matter of O'Connor v Police Commn.,* 221 AD2d 444), and petitioner's admitted violation of the prohibition against off-duty employment without permission. Concur—Ellerin, J. P., Nardelli, Rubin and Williams, JJ.