■ In the Matter of the Claim of NICHOLAS T. NORVELL, Appellant. CHARLES SCHWAB & COMPANY, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [783 NYS2d 890]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 8, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant worked as an investment specialist for the employer, a discount brokerage company. In order to expedite processing of a new account, he signed a client's name to an account application. This was in violation of the employer's policy and he was placed on administrative leave pending an investigation of the matter. He resigned when it became evident that he would be terminated. The Unemployment Insurance Appeal Board

denied his application for unemployment insurance benefits on the ground that his employment was terminated due to misconduct. He now appeals.

We affirm. "It is well settled that an employee's violation of an established workplace rule or policy may constitute disqualifying misconduct" (*Matter of Dzaba [Commissioner of Labor]*, 6 AD3d 907, 907-908 [2004] [citations omitted]), particularly where it concerns the provision of false information (*see Matter of Young [Commissioner of Labor]*, 263 AD2d 821 [1999]; *Matter of Bucknor [Commissioner of Labor]*, 205 AD2d 816 [1994]). Here, claimant admitted to signing the client's name to the account application without authorization, which was in clear violation of the employer's policy. Accordingly, substantial evidence supports the Board's finding of misconduct.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.