■ In the Matter of the Claim of TINA GOLDMAN, Appellant. BRONX-LEBANON HOSPITAL CENTER, Respondent; COMMISSIONER OF LABOR, Respondent. [840 NYS2d 455]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as an office manager at a hospital. After a coworker reported that claimant had smoked in the office they shared, thereby violating the employer's policy prohibiting smoking on the premises, the employer conducted an investigation. Based upon the evidence adduced, the employer planned to terminate claimant's employment. Claimant resigned from her position in lieu of being discharged and applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving benefits because her employment was terminated due to misconduct. Claimant now appeals.

We affirm. "It is well settled that failure to abide by a known policy of the employer can constitute disqualifying misconduct"

(*Matter of Wise [Commissioner of Labor]*, 19 AD3d 795, 795 [2005] [citations omitted]; *see Matter of Norvell [Charles Schwab & Co., Inc.—Commissioner of Labor]*, 12 AD3d 830, 831 [2004]). Here, claimant was aware of the employer's strict no smoking policy, and the testimony of her coworker and the employer's labor relations director establishes that she violated the same. Although claimant denied smoking on the employer's premises and testified that the smell of smoke in her office was attributable to patients who were smoking in rooms nearby, this presented a credibility issue for the Board to resolve (*see Matter of Oddo [Lee Publs.—Commissioner of Labor]*, 32 AD3d 1061, 1062 [2006]).

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.