In the Matter of DWAYNE E. WILLIAMS, Appellant. CITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [848 NYS2d 781]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a school safety agent with the New York City Police Department for approximately six years. He was discharged from his position for failing to comply with a provision of the New York City Administrative Code requiring him to maintain a residence within New York City. He appeals from an Unemployment Insurance Appeal Board ruling that he was disqualified from receiving benefits because his employment was terminated due to misconduct.

We affirm. The question of whether a claimant has engaged in disqualifying misconduct presents a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (*see Matter of Gilbert [Division of N.Y. State Police—Commissioner of Labor]*, 38 AD3d 961, 962 [2007], *lv denied* 8 NY3d 815 [2007]). Moreover, "[i]t is well settled that the failure to comply with an employer's reasonable rules can constitute misconduct disqualifying one from receiving unemployment insurance benefits" (*Matter of Martin [Commissioner of Labor]*, 10 AD3d 763, 763 [2004]; *see Matter of Goldman [Bronx-Lebanon Hosp. Ctr.—Commissioner of Labor]*, 42 AD3d 847, 847-848 [2007]; *Matter of Graham [Commissioner of Labor]*, 305 AD2d 922, 922 [2003]). Inasmuch as there can be no dispute that the residency requirement is a reasonable rule (*see generally Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498, 501 n 1 [2004]) and given the evidence presented herein that claimant maintained his legal residence in Westchester County despite his awareness of that requirement, substantial evidence supports the Board's finding that claimant lost his employment under disqualifying circumstances (*see Matter of Didiot [Hudacs]*, 202 AD2d 941, 941-942 [1994]; *see also Matter of Martin [Commissioner of Labor]*, 10 AD3d at 763; *Matter of Cullen v Bratton*, 240 AD2d 161, 162 [1997]). Claimant's exculpatory arguments presented a question of credibility for resolution by the Board (*see Matter of Bach [Commissioner of Labor]*, 306 AD2d 736, 737 [2003]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.