■ In the Matter of the Claim of ELIZABETH A. NOVAK, Appellant. COMMISSIONER OF LABOR, Respondent. [862 NYS2d 136]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 21, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant, a social worker, was discharged from her employment due to disqualifying misconduct—namely, falsifying her time sheet. Claimant's time sheet for April 9, 2007 indicates that claimant was performing indirect patient services between 3:35 P.M. and 4:35 P.M. During that time period, however, the employer's chief executive officer saw

claimant at a local casino. When confronted, claimant admitted that she was at the casino during the relevant time period but insisted that she performed the services listed on her time sheet—just not at the precise time indicated on her time sheet.*

An employee's falsification of documents (see Matter of Rosa [Commissioner of Labor], 45 AD3d 952 [2007]; Matter of Marione [Commissioner of Labor], 25 AD3d 1055 [2006]) and/or failure to abide by an employer's known policy (see Matter of Williams [City of New York—Commissioner of Labor], 47 AD3d 994 [2008]; Matter of Goldman [Bronx-Lebanon Hosp. Ctr.— Commissioner of Labor], 42 AD3d 847 [2007]) may constitute disqualifying misconduct. Here, claimant admittedly received the employer's code of conduct, which required claimant "to maintain high standards of integrity and business ethics and to avoid any actions that are or appear to be inconsistent with these standards." Claimant was aware of the need to maintain accurate time records, and the employer's representative stressed that accurate records were crucial due to the employer's receipt of federal funding. Also, claimant could have charged the hour in question to flex time and recorded her activities at the time they actually were performed but failed to do so and, further, was unable to provide any plausible explanation for her conduct. Under such circumstances, the Board's conclusion that claimant engaged in disqualifying misconduct is supported by substantial evidence.

Cardona, P.J., Peters, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* To the extent that claimant argues that the Administrative Law Judge should have subpoenaed certain computer records to substantiate her claim in this regard, we need note only that the activities claimant may have performed later that evening are irrelevant as to the issue of whether she falsely represented her activities for the hour in question.