■ In the Matter of the Claim of Karen M. Kridel, Appellant. Commissioner of Labor, Respondent. [863 NYS2d 287]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 10, 2007, which, among other things,

ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

From August 2005 through November 2006, claimant worked as a paralegal at a law firm on an hourly basis. In October 2006, the law firm adopted a policy prohibiting hourly employees from taking breaks during the workday, except for a midday lunch break. Claimant violated this policy by taking breaks to smoke cigarettes, as she had done before the policy was adopted, and she was discharged as a result. She applied for and received unemployment insurance benefits in the amount of $3,070.50. The Unemployment Insurance Appeal Board, however, subsequently disqualified claimant from receiving benefits on the ground that she was terminated for misconduct. It also charged her with a recoverable overpayment and imposed a forfeiture penalty upon finding that she made willful misrepresentations to obtain benefits. Claimant appeals.

Initially, "[k]nowingly violating an employer's established policies and procedures has been held to constitute disqualifying misconduct" (*Matter of Jones [Commissioner of Labor]*, 285 AD2d 801 [2001]; *see Matter of Goldman [Bronx-Lebanon Hosp. Ctr.—Commissioner of Labor]*, 42 AD3d 847, 847-848 [2007]). By her own admission, claimant here continued to take breaks during the workday to smoke cigarettes even though she knew of the employer's policy to the contrary. In view of this, substantial evidence supports the Board's finding that she engaged in disqualifying misconduct. Furthermore, inasmuch as claimant admitted that she falsely represented on her application that she was terminated due to a lack of work, substantial evidence also supports the Board's finding that she made willful misrepresentations (*see Matter of Strader [Commissioner of Labor]*, 49 AD3d 1120, 1121 [2008]; *Matter of Peters [Commissioner of Labor]*, 42 AD3d 615, 616 [2007]). Accordingly, we find no reason to disturb the Board's decision.

Cardona, P.J., Peters, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.