■ In the Matter of the Claim of GENEA A. CARTER, Appellant. NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Respondent; COMMISSIONER OF LABOR, Respondent. [886 NYS2d 239]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 26, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a school safety agent with the New York City Police Department for approximately three years. Following a disciplinary hearing, she was discharged from her position for failing to comply with a provision of the New York City Police Department Patrol Guide Procedures requiring her to report off-duty incidents to her commanding officer. She appeals from an Unemployment Insurance Appeal Board ruling that she was disqualified from receiving benefits because her employment was terminated due to misconduct.

We affirm. Whether a claimant has engaged in disqualifying conduct presents a factual question for the Board to resolve and its determination will be upheld if supported by substantial evidence (*see Matter of Anumah [Commissioner of Labor]*, 60 AD3d 1216, 1217 [2009]; *Matter of Williams [City of New York—Commissioner of Labor]*, 47 AD3d 994, 994 [2008]). Failure to abide by an employer's established policies and procedures has been held to constitute disqualifying misconduct (*see Matter of Schaffer [Byrne Dairy, Inc.—Commissioner of Labor]*, 54 AD3d 1111, 1112 [2008]; *Matter of Rose [Commissioner of Labor]*, 51 AD3d 1235, 1235 [2008]; *Matter of Williams [City of New York—Commissioner of Labor]*, 47 AD3d at 994). Here, claimant acknowledged during the hearing that she had been involved in physical altercations with an affiliate of a local gang in both late August 2007 and early September 2007, the latter for which she was arrested, but that she reported neither incident to her commanding officer. Claimant also acknowledged that the policy requiring her to report such incidents was contained in the handbook that she received and read when she began employment. Thus,

we find the Board's decision to be supported by substantial evidence.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.