■ In the Matter of the Claim of WILLIE R. WARREN, JR., Appellant. CAPITAL DISTRICT TRANSIT SYSTEM, Respondent; COMMISSIONER OF LABOR, Respondent. [890 NYS2d 155]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 13, 2009, which, upon reconsidera-

tion, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a bus operator for a public transportation company. He violated the employer's policy by leaving his proscribed route without authorization and prematurely terminating bus service before the end of his shift in order to appear in Family Court. His employment terminated as a result. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that he was terminated due to misconduct. The Board subsequently adhered to this decision upon reconsideration and claimant now appeals.

We affirm. An employee's failure to abide by an employer's known policy has been held to constitute disqualifying misconduct (*see Matter of Goldman [Bronx-Lebanon Hosp. Ctr.—Commissioner of Labor]*, 42 AD3d 847, 847 [2007]; *Matter of Wise [Commissioner of Labor]*, 19 AD3d 795, 795 [2005]). Here, the employer had an established policy, published in the employee handbook provided to claimant, that an employee's detour from an established route without authorization was a ground for termination. Although claimant maintained that he left his route prematurely due to a bathroom emergency, he did not provide a satisfactory explanation for his failure to notify the dispatcher and request permission to leave his bus to use the bathroom facilities as was allowable and in which case a relief operator would have been called to complete claimant's shift. In any event, claimant's proffered excuse for departing from his established route presented a credibility issue for the Board to resolve (*see Matter of Cruz [Commissioner of Labor]*, 54 AD3d 1082, 1083 [2008]; *Matter of Goldman [Bronx-Lebanon Hosp. Ctr.—Commissioner of Labor]*, 42 AD3d at 848). Given that substantial evidence supports the Board's decision, we will not disturb it.

Cardona, P.J., Peters, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.