Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 4, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant, who was employed as a part-time technician at a car washing business, was discharged from his employment after it was discovered that he was attempting, through his girlfriend, to sell some complimentary car wash coupons he received from the employer. According to the record, employees such as claimant received a certain number of complimentary coupons for personal use. They were specifically advised in the employee handbook’s code of conduct, however, that it was forbidden to sell those coupons “for cash or other services.” The Unemployment Insurance Appeal Board ultimately denied his claim for benefits on the ground that he lost his employment through disqualifying misconduct, prompting this appeal.
We affirm. “An employee’s failure to abide by an employer’s known policy has been held to constitute disqualifying misconduct” (Matter of Warren [Capital Dist. Tr. Sys. — Commissioner of Labor], 67 AD3d 1291, 1292 [2009] [citations omitted]; see Matter of Cheek [Commissioner of Labor], 89 AD3d 1313, 1313-1314 [2011]). At the hearing, the employer’s witness testified that claimant knew about this policy and had received a copy of the employee handbook when his employment commenced. Although claimant testified that he was unaware of the policy, this created a credibility issue for the Board to resolve (see Matter of Warren [Capital Dist. Tr. Sys. — Commissioner of Labor], 67 AD3d at 1292; Matter of Mulea [Commissioner of Labor], 23 AD3d 753, 754 [2005]). Under these circumstances, we find no basis to reverse the Board’s decision.
Mercure, J.E, Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.