Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 27, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.
For approximately six years, claimant worked as a teleservice representative for the Social Security Administration. She was found to be in possession of a taser while at work that she discharged in the ladies’ bathroom. Following an investigation, claimant was eventually terminated from her position. She was initially found eligible to receive unemployment insurance benefits. However, after a hearing, an Administrative Law Judge ruled that claimant was disqualified from receiving benefits because she had engaged in disqualifying misconduct. The Unemployment Insurance Appeal Board affirmed this decision and claimant now appeals.
We affirm. Conduct that is detrimental to an employer’s interest and contrary to an established policy has been found to constitute disqualifying misconduct (see Matter of Cheeseboro [Com *1196 missioner of Labor], 84 AD3d 1635, 1636 [2011]; Matter of Sealey [Commissioner of Labor], 81 AD3d 1022, 1022 [2011]). Here, it is undisputed that claimant possessed a dangerous instrument and fired it in the ladies’ bathroom in violation of the employer’s clear policy prohibiting employees from possessing firearms or dangerous weapons on the employer’s premises. Although claimant maintained that she found the device on her desk at work and discharged it accidentally while examining it in the ladies’ room, this presented a credibility issue for the Board to resolve (see Matter of Jenkins [Commissioner of Labor], 109 AD3d 1073 [2013]; Matter of Warren [Capital Dist. Tr. Sys.— Commissioner of Labor], 67 AD3d 1291, 1292 [2009]). Given that substantial evidence supports the Board’s decision, we find no reason to disturb it.
Peters, PJ., Stein, Garry, Egan Jr. and Devine, JJ., concur.
Ordered that the decision is affirmed, without costs.