Matter of Clay (Commissioner of Labor) (2019 NY Slip Op 07984)





Matter of Clay (Commissioner of Labor)


2019 NY Slip Op 07984


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

529175

[*1]In the Matter of the Claim of Rhonette Clay, Appellant. Commissioner of Labor, Respondent.

Calendar Date: October 4, 2019

Before: Garry, P.J., Lynch, Devine and Pritzker, JJ.


Rhonette Clay, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant worked as a database coordinator at the New York Botanical Garden. Her duties included, among other things, imputing and processing membership data. When claimant experienced a problem processing a membership application, she asked the director of the department for instruction. Claimant's immediate supervisor viewed this as a challenge to her authority, as she had already directed claimant on how to proceed. As a result of this incident, and prior alleged instances of poor work performance and insubordination, claimant was discharged. Her application for unemployment insurance benefits was initially denied on the ground that her employment was terminated due to misconduct. Following a hearing, an Administrative Law Judge overruled this determination and ruled that claimant was entitled to receive benefits. The Unemployment Insurance Appeal Board, however, reversed this decision and concluded that claimant had engaged in disqualifying misconduct. Claimant appeals.
The question of whether a claimant who has been discharged from employment has engaged in disqualifying misconduct presents a factual issue for resolution by the Board, which decision will be upheld if supported by substantial evidence (see Matter of Williams [City of New York-Commissioner of Labor], 47 AD3d 994, 994 [2008]). Correspondingly, a failure to comply with an employer's reasonable rules may constitute misconduct disqualifying the claimant from receiving unemployment benefits (see id.). Claimant received a disciplinary memo on April 12, 2018 concerning her challenges to her supervisor's authority and failure to follow instructions. The memo cautioned that such behavior was disruptive and, if continued, would result in termination. The Board's finding that claimant's disregard of her supervisor's instructions just one month later constituted disqualifying misconduct is supported by substantial evidence in the record.
Garry, P.J., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.