Matter of Cunningham (Commissioner of Labor) (2020 NY Slip Op 02344)





Matter of Cunningham (Commissioner of Labor)


2020 NY Slip Op 02344


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

529517

[*1]In the Matter of the Claim of Anthony S. Cunningham, Appellant. Commissioner of Labor, Respondent.

Calendar Date: March 20, 2020

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.


Anthony S. Cunningham, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Bessie Bazile of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 2018, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
On April 3, 2018, claimant, who worked as a probationary bus driver for the employer for approximately 10 months, struck a dumpster while pulling into a bus stop. On April 12, 2018, claimant's employment was terminated for violating the employer's policy regarding accident reporting and for leaving the scene of an accident. Following his discharge, claimant applied for and obtained unemployment insurance benefits based upon his representation that he lost his employment due to lack of work. Ultimately, the Unemployment Insurance Appeal Board disqualified claimant from receiving benefits, effective April 10, 2018, because his employment had been terminated as the result of misconduct. The Board also charged claimant with a recoverable overpayment of benefits and imposed forfeiture and civil penalties upon a finding that claimant made a willful misrepresentation to obtain benefits. Claimant appeals.
We affirm. "The question of whether a claimant who has been discharged from employment has engaged in disqualifying misconduct presents a factual issue for resolution by the Board, which decision will be upheld if supported by substantial evidence" (Matter of Clay [Commissioner of Labor], 177 AD3d 1073, 1073 [2019] [citations omitted]; see Matter of Smith [Commissioner of Labor], 177 AD3d 1064, 1065 [2019]; Matter of Li [Commissioner of Labor], 170 AD3d 1418, 1418 [2019]). "It is well settled that failure to abide by a known policy of the employer can constitute disqualifying misconduct" (Matter of Goldman [Bronx-Lebanon Hosp. Ctr.-Commissioner of Labor], 42 AD3d 847, 847 [2007] [internal quotation marks and citations omitted]; see Matter of Carter [New York City Dept. of Citywide Admin. Servs.-Commissioner of Labor], 65 AD3d 1441, 1441 [2009]; Matter of Kridel [Commissioner of Labor], 54 AD3d 465, 466 [2008]).
The record establishes that claimant was involved in an accident when he struck a dumpster, that he was aware that the bus sustained damage as a result and that he left the scene of that accident without immediately notifying his employer of the incident.[FN1] Claimant was also aware of the employer's accident-reporting policy requiring him to notify his employer "as soon as possible" in the event of an accident or incident. The employer's policy further instructed that claimant "must not wait for a manager or supervisor to arrive at an accident/incident scene before recording accident/incident data, as some customers and witnesses may leave the scene." Inasmuch as claimant failed to abide by the employer's policy by not immediately notifying his employer of the accident, which compromised the employer's ability to investigate the accident and collect accident data, we find that substantial evidence supports the Board's finding of disqualifying misconduct (see Matter of Rose [Commissioner of Labor], 51 AD3d 1235, 1236 [2008]; Matter of Sarafati [Commissioner of Labor], 281 AD2d 741 [2001]). Moreover, given that claimant falsely represented when applying for benefits that he was discharged for lack of work, we decline to disturb the Board's finding that claimant made a willful misrepresentation to obtain benefits and the resulting imposition of a recoverable overpayment, as well as the forfeiture and civil penalties (see Labor Law §§ 594, 597 [4]; Matter of Guibord [Commissioner of Labor], 147 AD3d 1137, 1138 [2017]; Matter of Scaccia [Commissioner of Labor], 86 AD3d 890, 891-892 [2011]; Matter of Cummings [Commissioner of Labor], 69 AD3d 1088, 1089 [2010]). To the extent that we have not addressed any of claimant's contentions, they have been considered and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The record reflects that, after he dropped off the passengers on the bus and finished his route, claimant reported the accident to his employer.