■ In the Matter of the Claim of ROBERT BLAINE, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [664 NYS2d 395] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant's employment as a salesperson at an electronics store was terminated after it was discovered that he had repeatedly violated the employer's policy requiring employees to obtain a manager's approval before purchasing merchandise for their own use. The Unemployment Insurance Appeal Board ruled that claimant's infractions rose to the level of disqualifying misconduct. We affirm. The record discloses that claimant knowingly and repeatedly violated a reasonable workplace rule, established by the employer for the purpose of inventory control. This Court has held that an employee's knowing violation of an employer's rule may constitute disqualifying misconduct (*see, Matter of Rothman [Sweeney]*, 242 AD2d 818), especially in cases where the violation is contrary to the employer's interest (*see, Matter of Naymark [Tanagraphics—*

*Sweeney]*, 232 AD2d 804). As substantial evidence supports the Board's ruling of disqualification, it will not be disturbed.

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.