■ In the Matter of the Claim of JANE M. DILKS, Appellant. COMMISSIONER OF LABOR, Respondent. [679 NYS2d 739] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 1998, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as an assembly-line worker for a manufacturer of personal care products. Because the personal care products were manufactured for distribution under the names of other companies and the employer had to account to the client for any missing products, the employer considered unauthorized possession of the products by employees tantamount to theft. Claimant was discharged from her employment after she was found to be in possession of hand lotion manufactured by the employer and refused to disclose who had given it to her. The Unemployment Insurance Appeal Board found that claimant was disqualified from receiving benefits because she was terminated due to misconduct.

We affirm. It is well settled that violating an employer's established rules may constitute disqualifying misconduct (see,

*Matter of Blaine [Sweeney]*, 244 AD2d 753; *Matter of O'Shea [Sweeney]*, 233 AD2d 736). Here, claimant was aware of the employer's written rules warning that unauthorized possession of company property would likely result in discharge. Under these circumstances, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Crew III, White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.