■ In the Matter of the Claim of STEVEN GEWIRTZ, Appellant. COMMISSIONER OF LABOR, Respondent. [714 NYS2d 586] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a drug store pharmacist after an investigation revealed that he filled several hundred dollars worth of prescriptions for a store security guard without ringing them through the cash register, charging the co-payment or billing the security guard's insurance company. Although claimant testified that he was unable to properly process the prescriptions because the insurance company's computer was not functioning, the employer's written procedures for dispensing prescriptions during computer downtime required that the pharmacist collect the customer's co-payment, process the transaction through the cash register and document the prescription for future billing of the customer's insurance company. Substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. An employee's repeated violation of the employer's established procedures may rise to the level of disqualifying misconduct (*see, Matter of Hawkins [Commissioner of Labor], 254 AD2d 558, 559; Matter of Blaine [Sweeney], 244 AD2d 753*), especially where, as here, such conduct is detrimental to the employer's financial interest (*see, Matter of Bilka [Hematology-Oncology Assocs.—Commissioner of Labor], 257 AD2d 880, 881; Matter of Sterling [Commissioner of Labor], 249 AD2d 674*). Claimant's exculpatory explanation for his conduct created a credibility issue which the Board was free to resolve against him (*see, Matter of Naraine [Sweeney], 245 AD2d 932, 933; Matter of Perkov [Sweeney], 231 AD2d 780*).

The remainder of claimant's contentions are either not preserved for appellate review or are lacking in merit.

Crew III, J. P., Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.