■ In the Matter of the Claim of DARCELLE E. WISE, Appellant. COMMISSIONER OF LABOR, Respondent. [796 NYS2d 199]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 20, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a public safety supervisor at a convention center after she violated the employer's zero-tolerance policy against removing items from the convention hall without express permission from a supervisor. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she was terminated due to misconduct and we affirm.

It is well settled that failure to abide by a known policy of the employer can constitute disqualifying misconduct (*see Matter of Singh [Commissioner of Labor]*, 273 AD2d 664, 665 [2000]; *Matter of Dilks [Commissioner of Labor]*, 255 AD2d 675, 675-676 [1998]). Here, the record establishes that claimant was aware of the employer's policy against removing items from the workplace without permission and, as part of her job as security supervisor, previously had enforced such policy. However, on the day in question, instead of checking with her supervisor directly before taking a bag of toys left after a party, claimant relied on a subordinate's reassurance that permission had been given.

Claimant's supervisor testified that claimant's reliance on a subordinate's reassurance was inappropriate and that claimant, as she had done in the past and was expected to do as a supervisor of security, should have checked directly with her to confirm whether permission had been given. To the extent that conflicting testimony was offered as to whether the director gave permission for the items to be removed, this presented a credibility issue for the Board to resolve (*see Matter of Williams [Commissioner of Labor]*, 262 AD2d 903 [1999]). In view of the foregoing, substantial evidence supports the Board's decision that claimant engaged in disqualifying misconduct.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.