In the Matter of the Claim of Suzette McFarlane, Appellant. Commissioner of Labor, Respondent. [858 NYS2d 456]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 29, 2007, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

As part of her job responsibilities, claimant, a vocational coordinator for a not-for-profit organization providing employment services to individuals, was responsible for approving and verifying her clients' time records before submitting them to the employer. After the employer discovered that claimant had submitted unverified time records for a client, claimant's employment was terminated. The Unemployment Insurance

Appeal Board denied claimant's application for unemployment insurance benefits on the basis that she lost her employment as a result of misconduct. The Board adhered to that decision upon reconsideration and this appeal ensued.

We affirm. The employer's investigation revealed that claimant submitted time records for a client falsely indicating that the client had worked in a particular program during a specific time period, resulting in that client receiving payment for work that he had not performed. When requested, claimant could not produce documentation to verify the client's time record for that period, and neither the program director nor the site superintendent recalled seeing the client working at that location. Inasmuch as the falsification of business records has been held to constitute misconduct, substantial evidence supports the Board's decision disqualifying claimant from receiving unemployment insurance benefits (see Matter of Rosa [Commissioner of Labor], 45 AD3d 952, 952 [2007]; Matter of Whaley [Commissioner of Labor], 38 AD3d 1084, 1085 [2007]). Claimant's denial of any wrongdoing presented a credibility issue for the Board to resolve (see Matter of Andreani [HPP Rinx, Inc.— Commissioner of Labor], 44 AD3d 1210, 1211 [2007]; Matter of Whaley [Commissioner of Labor], 38 AD3d at 1085).

Finally, there is no support in the record for claimant's contentions that she was denied a fair hearing and that the Administrative Law Judge was biased.

Cardona, P.J., Mercure, Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.