■ In the Matter of MEREDITH BRAUNEISEN, Appellant. GEICO INSURANCE COMPANY, Respondent; COMMISSIONER OF LABOR, Respondent. [901 NYS2d 720]—

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 5, 2008, which, upon reconsideration, adhered to its prior decisions ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a telephone adjuster for the employer. Claimant's employment was terminated after it was discovered that the ringer of her telephone had been turned off in violation of the employer's written standards of conduct. In her application for unemployment insurance benefits, claimant denied violating company policy and was initially awarded benefits. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. The Board also charged her with a recoverable overpayment of benefits and imposed a forfeiture penalty upon finding that she made a willful misrepresentation to obtain benefits. The Board adhered to its decisions upon reconsideration and claimant now appeals.

Substantial evidence supports the Board's decision finding that claimant's employment was terminated due to disqualifying misconduct. "It is well settled that failure to abide by a known policy of the employer can constitute disqualifying misconduct" (*Matter of Wise [Commissioner of Labor]*, 19 AD3d 795, 795 [2005] [citations omitted]; *see Matter of Cruz [Commissioner of Labor]*, 54 AD3d 1082, 1083 [2008]). The record establishes that claimant was aware that the employer considered manipulating the telephone to avoid customer contact to be grounds for termination. Further, claimant's supervisor testified that he was monitoring claimant's phone activity the day of the termination and, after noting an unusual absence of incoming calls into her extension, he discovered that the telephone's ringer had been turned off. Although claimant admitted that she had turned the telephone's ringer off on one occasion in the past, she testified that she did not turn it off on the day in question. This created a credibility determination for the Board to resolve (*see Matter of McFarlane [Commissioner of Labor]*, 51 AD3d 1317, 1318 [2008], *lv denied* 11 NY3d 710 [2008]). Moreover, substantial evidence supports the Board's determination that, by stating that she had not violated a company rule or policy in her application for benefits, claimant made a willful misrepresentation to obtain benefits (*see Matter of Barbera [Commissioner of Labor]*, 28 AD3d 973, 975 [2006]).

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.