## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 19, 2015                519487
_____

In the Matter of the Claim of
     EVA COLEMAN,
                    Appellant.

SPA HOTELS, LLC,                                MEMORANDUM AND ORDER
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  January 20, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                        _____


        Laura A. Dwyer, Legal Aid Society of Northeastern New York,
Saratoga Springs, for appellant.

        Phelan, Phelan & Danek, LLP, Albany (Stanley J. Tartaglia
of counsel), for Spa Hotels, LLC, respondent.


                        _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 6, 2013, which, among other things, ruled
that claimant was disqualified from receiving unemployment
insurance benefits because her employment was terminated due to
misconduct.

        Substantial evidence supports the decision of the
Unemployment Insurance Appeal Board finding that claimant lost
her employment as a hotel housekeeper due to disqualifying
misconduct.  The record establishes that claimant and a coworker
had a verbal dispute, during which claimant threatened the
coworker with physical harm.  It is well settled that threats
against a coworker can constitute misconduct disqualifying a

claimant from receiving unemployment insurance benefits (see Matter of Hernandez [Commissioner of Labor], 98 AD3d 1185, 1185 [2012]; Matter of Messado [City of New York-Commissioner of Labor], 76 AD3d 740, 741 [2010]; Matter of Ponce [Commissioner of Labor], 75 AD3d 1041, 1041 [2010]). Although claimant asserts that her actions were just idle threats in response to the coworker's use of a racially derogatory remark toward her, the record establishes that, following the argument, claimant took overt steps to follow through with the threat of physical harm. Under these circumstances, we find no reason to disturb the Board's finding that claimant engaged in disqualifying misconduct. Furthermore, the record supports the Board's finding that claimant made willful false statements when applying for unemployment insurance benefits as the record establishes that claimant was aware of the employer's policy that threatening and hostile behavior toward coworkers was prohibited (see Matter of Brauneisen [GEICO Ins. Co.-Commissioner of Labor], 72 AD3d 1381, 1382 [2010]).

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court