## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 21, 2016                    521824
_____

In the Matter of the Claim of
   DANIEL G. SMITH,
                Appellant.

                       MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Lahtinen, J.P., Garry, Rose and Clark, JJ.

_____


      Daniel G. Smith, South Glens Falls, appellant pro se.

      Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

_____


      Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 6, 2015, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because his employment was terminated due to misconduct.

      Substantial evidence supports the decision of the
Unemployment Insurance Appeal Board finding that claimant, a
technical support representative, was discharged from his
employment due to disqualifying misconduct.  "It is well settled
that failure to abide by a known policy of the employer can
constitute disqualifying misconduct" (Matter of Wise
[Commissioner of Labor], 19 AD3d 795, 795 [2005] [citations
omitted]; see Matter of Intini [Commissioner of Labor], 123 AD3d
1347, 1349 [2014]; Matter of Brauneisen [GEICO Ins. Co.
—Commissioner of Labor], 72 AD3d 1381, 1382 [2010]).  Claimant,
who worked from home, admitted that he was aware of the
employer's policy that he was not to use the employer-issued

computer for personal reasons and that he was not to access the Internet for non-business purposes while speaking on the telephone with a customer. He further admitted to accessing a pornographic website on the employer's computer while on a call with a customer. Under these circumstances, we find no reason to disturb the Board's finding that claimant was not entitled to benefits. Further, contrary to claimant's contention, the question as to whether or not his conduct constituted "gross misconduct" for the purposes of continued health coverage after termination pursuant to the Consolidated Omnibus Budget Reconciliation Act (29 USC §§ 1162 [2] [A] [1]; 1163 [2]) is not binding on the Board in determining disqualifying misconduct for unemployment insurance benefit purposes (see generally Matter of Local 54 United Paperworkers Intl. Union [Commissioner of Labor], 301 AD2d 922, 923 [2003]; Matter of Scott v Manzi Taxi & Transp. Co., 179 AD2d 949, 951 [1992], lv denied 80 NY2d 752 [1992]).

Lahtinen, J.P., Garry, Rose and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court