*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                521428
_____

In the Matter of the Claim of
    FRANK C. SARSON,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Clark, JJ.

                    _____

        Frank C. Sarson, Albany, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

                    _____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed August 8, 2014, which ruled, among other things,
that claimant was disqualified from receiving unemployment
insurance benefits because his employment was terminated due to
misconduct.

        Substantial evidence supports the decision of the
Unemployment Insurance Appeal Board finding that claimant, a
utility worker with a food service company, lost his employment
due to misconduct (see Matter of Shafer [Commissioner of Labor],
107 AD3d 1280, 1280 [2013]).  The record establishes that
claimant was discharged from his employment following an
investigation by the employer into complaints that he made racial
slurs to a coworker, which was in violation of a known policy of
the employer.  "It is well settled that violating a known policy
of an employer can constitute disqualifying misconduct . . ., as
can offensive behavior in the workplace (Matter of Manno

[Commissioner of Labor], 8 AD3d 869, 869 [2004]; see Matter of Rivers [Federation Empl. & Guidance Serv.—Commissioner of Labor], 44 AD3d 1191, 1192 [2007]; Matter of Sarmiento [Newsday, Inc.—Commissioner of Labor, 287 AD2d 851, 852 [2001]).  Although claimant denied making any racial remarks, this presented a credibility issue for the Board to resolve (see Matter of Mulea [Commissioner of Labor], 23 AD3d 753, 754 [2005]).  Furthermore, given that claimant indicated on his application for unemployment insurance benefits that he was discharged due to lack of work, the Board's finding that claimant made a willful false statement to obtain benefits and its imposition of recoverable overpayments of benefits will not be disturbed (see Matter of Campon [Commissioner of Labor], 122 AD3d 1228, 1229 [2014]).

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court