## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: July 28, 2016 522199
_____

In the Matter of the Claim of
   JEAN G. PIERRE,
                Appellant.

FJC SECURITY SERVICES, INC.,         MEMORANDUM AND ORDER
                Respondent.

COMMISSIONER OF LABOR,
                Respondent.
_____

Calendar Date: June 6, 2016

Before: Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

     Jean G. Pierre, New York City, appellant pro se.

     The Ingber Law Firm, PLLC, White Plains (Clifford Ingber of counsel), for FJC Security Services, Inc., respondent.

     Eric T. Schneiderman, Attorney General, New York City (Bessie Bazile of counsel), for Commissioner of Labor, respondent.

_____

     Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 9, 2015, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

     The Unemployment Insurance Appeal Board determined, following a hearing, that claimant, a security officer, was discharged from his employment with a security company due to disqualifying misconduct. "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to

resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Chirico [City of Syracuse—Commissioner of Labor], 136 AD3d 1137, 1138 [2016] [internal quotation marks and citation omitted]).  At the hearing, two supervisors testified that claimant, angry about a verbal directive given to him, threatened and yelled profanities at one of the supervisors, pointed his hand in her face, and lunged at her in a threatening manner.  Claimant had to be restrained and police were called.  "It is well settled that threats against a coworker can constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits" (Matter of Coleman [Spa Hotels, LLC—Commissioner of Labor], 126 AD3d 1223, 1233 [2015] [citations omitted]), as can using profane language or being disrespectful or insubordinate to a supervisor (see Matter of Hector [Commissioner of Labor], 128 AD3d 1258, 1259 [2015]).  While claimant offered a different account of the incident, it was within the province of the Board to credit the testimony of the employer's witnesses (see id.).  As substantial evidence supports the conclusion that claimant violated the employer's known written policy against "threatening violence to [co]workers," among other policies, and had engaged in disqualifying misconduct, the Board's decision will not be disturbed (see Matter of Smith [Commissioner of Labor], 138 AD3d 1341, 1342 [2016]; Matter of Coleman [Spa Hotels, LLC—Commissioner of Labor], 126 AD3d at 1223).

Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court