*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 6, 2016                    521553
_____

In the Matter of the Claim of
    IGOR OBERMAN,
                Appellant.

NEW YORK CITY DEPARTMENT OF
    CITYWIDE ADMINISTRATIVE              MEMORANDUM AND ORDER
    SERVICES,
              Respondent.

COMMISSIONER OF LABOR,
              Respondent.
_____


Calendar Date:  September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____


    Igor Oberman, New York City, appellant pro se.

    Zachary W. Carter, Corporation Counsel, New York City
(Susan Paulson of counsel), for New York City Department of
Citywide Administrative Services, respondent.

    Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

_____


Aarons, J.

    Appeal from a decision of the Unemployment Insurance Appeal
Board, filed November 12, 2014, which ruled, among other things,
that claimant was disqualified from receiving unemployment
insurance benefits because his employment was terminated due to
misconduct.

From June 2012 to September 2013, claimant was employed by the New York City Taxi and Limousine Commission (hereinafter TLC) as an executive agency managing attorney in TLC's consumer complaints unit. While employed by TLC, claimant served as president of the Board of Directors of a residential housing cooperative and, in February 2013, registered with the New York City Campaign Finance Board as a candidate for a seat on the City Council. After receiving an anonymous complaint that claimant was using TLC's resources to conduct his campaign for election to the City Council, TLC requested the New York City Department of Investigation (hereinafter DOI) to investigate claimant's campaign-related activities during his employment. Thereafter, claimant informed TLC that he would take a leave of absence from his employment pursuant to a directive requiring claimant to do so upon, among other things, publicly declaring his intent to seek elected public office. Upon completing its investigation, DOI concluded that claimant had misused TLC's resources prior to taking a leave of absence, and, in September 2013, TLC terminated claimant's employment, prompting claimant to apply for unemployment insurance benefits, which he began to receive at a weekly rate of $405. The Department of Labor subsequently determined that claimant was disqualified from receiving benefits because his employment was terminated for misconduct and found that claimant had made a willful misrepresentation on his application for benefits insofar as he claimed that he had been discharged for lack of work. The Department charged claimant with an overpayment of $4,050 in benefits, reduced his right to receive future benefits by eight effective days and imposed a civil penalty of $607.50. Ultimately, the Unemployment Insurance Appeal Board upheld the Department's initial determination and penalties imposed pursuant to that determination. Claimant now appeals.

We affirm. "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Chirico [City of Syracuse— Commissioner of Labor], 136 AD3d 1137, 1138 [2016] [internal quotation marks and citations omitted]; see Matter of Hector [Commissioner of Labor], 128 AD3d 1258, 1259 [2015]). "'It is well settled that failure to abide by a known policy of the

employer can constitute disqualifying misconduct'" (Matter of Smith [Commissioner of Labor], 138 AD3d 1341, 1342 [2016], quoting Matter of Wise [Commissioner of Labor], 19 AD3d 795, 795 [2005] [citations omitted]; see Matter of Intini [Commissioner of Labor], 123 AD3d 1347, 1349 [2014]).

TLC's limited-use policy, of which claimant was aware, permitted limited personal use of TLC's office and technology resources as long as such use does not interfere with official duties and responsibilities. The record evidence, including the report detailing the findings of DOI's investigation, establishes, however, that claimant's use of TLC's resources, including his work computer and telephone, to further his political campaign efforts and his work with the residential housing cooperative was extensive. In particular, various documents related to his work with his residential housing cooperative, in addition to documents related, as well as scanned checks payable, to claimant's campaign were found on his work computer. In addition, of the 1,900 telephone calls that claimant made at work between January and May 2013, approximately only 25% of those calls were related to TLC's official business. Furthermore, of the telephone calls made that were unrelated to claimant's employment, the record evidence adequately demonstrates that the majority of those calls pertained to his responsibilities as president and board member of his residential housing cooperative, his campaign fund-raising efforts and his solicitation and receipt of campaign contributions (see Matter of Smith [Commissioner of Labor], 138 AD3d at 1342). Claimant denied at the hearing that he used his work computer and telephone at TLC to pursue his campaign efforts, to solicit contributions for his campaign or to perform work for the residential housing cooperative, but this presented issues of credibility within the exclusive province of the Board (see Matter of Thompson [St. Paul's Episcopal Church—Commissioner of Labor], 134 AD3d 1274, 1275 [2015]; Matter of Andrews [A.C. Roman & Assoc.—Commissioner of Labor], 118 AD3d 1216, 1217 [2014]), which was entitled to credit the competing evidence presented at the hearing and reject claimant's exculpatory claims. Furthermore, insofar as claimant inaccurately represented when applying for benefits that he was unemployed due to a lack of work when he had previously been made aware of DOI's

investigation of him, we find no reason to disturb the Board's imposition of a recoverable overpayment or forfeiture penalty based upon his willful misrepresentations (see Labor Law § 594 [4]; Matter of Sarson [Commissioner of Labor], 138 AD3d 1327, 1327 [2016]; Matter of Campon [Commissioner of Labor], 122 AD3d 1228, 1229 [2014]; Matter of Guess [Commissioner of Labor], 119 AD3d 1256, 1257 [2014]).

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court