Matter of Douglas (Commissioner of Labor) (2023 NY Slip Op 03532)

Matter of Douglas (Commissioner of Labor)

2023 NY Slip Op 03532

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

CV-22-2397
[*1]In the Matter of the Claim of Jenna Douglas, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 26, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Jenna Douglas, Ballston Lake, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 17, 2022, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant was employed part time as a veterinarian assistant by the employer from August 10, 2020 until September 24, 2020. On that day, claimant was reprimanded by the employer for failing to perform one of her duties and claimant raised concerns about her long and unstructured work hours. The employer advised claimant that the day-to-day business was unpredictable and that she was unable to provide a set schedule. Claimant worked the rest of the day and never returned. Having filed an application for unemployment insurance benefits in March 2020 in connection with a prior employer, claimant certified for benefits for the weeks ending September 27, 2020 and October 5, 2020, indicating that her employment had ended for lack of work. Based upon her certifications, claimant received unemployment insurance benefits, as well as federal pandemic unemployment compensation (hereinafter FPUC) and pandemic emergency unemployment compensation (hereinafter PEUC) pursuant to the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US stat 281, 313).Claimant filed another application for unemployment insurance benefits in March 2021 and certified for benefits for the weeks ending March 28, 2021 through September 5, 2021, again indicating that her employment had ended due to lack of work. Based upon her certifications under this claim, claimant received unemployment insurance benefits and FPUC. Thereafter, the Department of Labor found that claimant was ineligible for unemployment insurance benefits under both claims because she had voluntarily left her employment without good cause, charged her with recoverable overpayments of FPUC and PEUC and imposed a monetary penalty based upon a finding that she made willful misrepresentations to obtain those benefits. Following a hearing, an Administrative Law Judge upheld the determinations and the Unemployment Insurance Appeal Board affirmed. This appeal ensued.
We affirm. "Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence" (Matter of Vargas [Mason ESC LLC-Commissioner of Labor], 185 AD3d 1339, 1340 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Lee [Commissioner of Labor], 190 AD3d 1170, 1172 [3d Dept 2021]). "[I]ssues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Kupiec [Commissioner of Labor], 193 AD3d 1217, 1218 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Colon [Staffing Solutions [*2]Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [3d Dept 2020]).
Claimant initially testified that, when she raised the issue of having to work past the scheduled end of her shift, her employer advised her that she could not provide more structured hours because "this is the vet field, and if you can't handle that, then Saturday is your last day," which claimant interpreted as a termination. When questioned as to this interpretation, claimant then testified that the employer told her that "you're obviously not out [sic] for this. Saturday is your last day." According to claimant, she was not on the schedule for the rest of the week and was never scheduled to work again. In contrast, the employer testified that she did not terminate claimant's employment but when claimant raised the issue of working past her scheduled end time, she advised claimant that the veterinary business is too unpredictable to provide a firm daily end time and that if she was uncomfortable with that then she had to decide whether the job "was something suitable to her." The employer further testified that claimant worked the rest of the day and was scheduled to work the following day, but since she never showed up or contacted them again the employer believed she had quit. In finding that claimant was not terminated, but left her position voluntarily and without good cause, the Board credited the employer's testimony, as well as claimant's initial testimony regarding what the employer had told her as to her work hours. Deferring to the Board's credibility determination, its denial of benefits is supported by substantial evidence and will not be disturbed (see Matter of Georgatos [Commissioner of Labor], 100 AD3d 1130, 1130-1131 [3d Dept 2012]; Matter of Wedgle [Commissioner of Labor], 99 AD3d 1139, 1140 [3d Dept 2012]). Given the Board's finding that claimant voluntarily left her employment without good cause and was therefore ineligible for unemployment benefits under state law, claimant was also ineligible to receive federal pandemic assistance under the CARES Act (see Matter of Cabrera [Commissioner of Labor], 215 AD3d 1208, 1210 [3d Dept 2023]; Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]).
As to the recoverable overpayments of state and federal benefits, "substantial evidence further supports the Board's determination that claimant inaccurately represented that she was unemployed due to lack of work when applying for benefits when, in fact, she left under disqualifying circumstances" (Matter of Tamanna [Commissioner of Labor], 213 AD3d 1104, 1107 [3d Dept 2023]; see Matter of Oberman [New York City Dept. of Citywide Admin. Servs.-Commissioner of Labor], 143 AD3d 1022, 1024 [3d Dept 2016]). As such, "we find no reason to disturb the Board's factual conclusion that claimant made willful misrepresentations to obtain benefits, or its resulting imposition of recoverable overpayments of her state unemployment insurance benefits, forfeiture [*3]and penalties" (Matter of Cabrera [Commissioner of Labor], 215 AD3d at 1211 [internal quotation marks, brackets and citation omitted]). Moreover, "[c]laimant was likewise properly charged with recoverable overpayments for the federal benefits that she received" (id.; see Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1458 [3d Dept 2021]).
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.